## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FANNIE MAE**, | CIVIL ACTION |
| Plaintiff, | Case No.: |
| v. | |
| **HARRISON COURT REALTY CO., L.P., SIMON GARDEN REALTY CO L.P., FERN ROCK REALTY CO., L.P., STONEHURST REALTY CO., L.P., MARCHWOOD REALTY CO., L.P., ALLEN'S LANE REALTY CO., L.P., OAK LANE COURT REALTY CO., L.P., and GREENE TREE REALTY CO., L.P.** | |
| Defendants. | |

## <u>COMPLAINT IN MORTGAGE FORECLOSURE</u>

Plaintiff Fannie Mae ("<u>Plaintiff</u>"), through its undersigned counsel, commences this action in mortgage foreclosure against Harrison Court Realty Co., L.P., Simon Garden Realty Co L.P., Fern Rock Realty Co., L.P., Stonehurst Realty Co., L.P., Marchwood Realty Co., L.P., Allen's Lane Realty Co., L.P., Oak Lane Court Realty Co., L.P., and Greene Tree Realty Co., L.P. (each a "<u>Borrower-Defendant</u>", and collectively the "<u>Borrower-Defendants</u>"), and in support hereof, avers as follows:

## INTRODUCTION

1.      This is an action to foreclose on seven commercial mortgages secured by real property located in Upper Darby, Pennsylvania and Philadelphia, Pennsylvania (together, the "Properties").[1] The Properties are owned by various limited partnerships controlled by and/or affiliated with the Borrower-Defendants and the key principal, Philip Pulley. Plaintiff holds mortgages on each of the Properties, which secure loans, three of which have been in payment default since February of 2024, one of which has been in payment default since April 2024, and three of which have been in payment default since June 2024.

2.      The Borrower-Defendants have failed to make the required payments under the Loan Documents (as defined herein). The Loan Agreements (as defined herein) require the Borrower-Defendants to make certain Monthly Debt Service Payments. The Borrower-Defendants' failures to make any of the required Monthly Debt Service Payments constitute an Event of Default under the Loan Documents.

3.      Following an Event of Default, Plaintiff's remedies under the Loan Documents include the appointment of a receiver to protect the Properties and the foreclosure of Fannie Mae's senior security interests. Because of the Borrower-Defendants' non-payment of the Monthly Debt Service Payments, Plaintiff is concerned that the Borrower-Defendants lack sufficient capital to protect and maintain the Properties, which may harm the tenants and jeopardize their safety and security.

---

[1] The addresses of the Properties are: (i) 385 Harrison Avenue Upper Darby, Pennsylvania 19082; (ii) 6731 Musgrave Street Philadelphia, Pennsylvania 19119; (iii) 900 W Godfrey Ave, Philadelphia, Pennsylvania, 19141; (iv) 2 Copley Road, Upper Darby, Pennsylvania 19082; (v) 5515 Wissahickon Avenue, Philadelphia, Pennsylvania 19144; (vi) 126 W. Allens Lane, Philadelphia, Pennsylvania 19119; (vii) 1623-1635 W. Chelten Avenue, Philadelphia, Pennsylvania 19126; and (viii) 330 W. Johnson Street, Philadelphia, Pennsylvania 19144.

## PARTIES

### A.      The Plaintiff

4.      Plaintiff Fannie Mae is a federally chartered corporation organized and existing under the laws of the United States.  Fannie Mae maintains its principal office in Washington, D.C., and is a citizen of the District of Columbia for purposes of jurisdiction and venue.  12 U.S.C. § 1717(a)(2)(B).

5.      Plaintiff is the current owner and holder of the Loan Documents (as such term is defined herein) referenced in this Complaint.  Fannie Mae is a government-sponsored enterprise and a federally chartered entity that Congress created to enhance the nation's housing-finance market.  Under its federal statutory charter, Fannie Mae has a public mission to provide liquidity, stability, and affordability to the U.S. housing market, including the market for quality, affordable rental housing.  Fannie Mae is operating under the conservatorship of the Federal Housing Finance Agency ("FHFA"), which is an independent agency of the United States created in 2008 to supervise certain Government Sponsored Enterprises including Fannie Mae.  *See* 12 U.S.C. § 4511 *et seq*.  Among other powers, Congress granted the Director of FHFA the authority to place Fannie Mae into conservatorship under certain, statutorily defined conditions, which the Director did in 2008.  As Conservator, FHFA has broad statutory powers, including the powers to preserve and conserve Fannie Mae's assets and property, and to collect obligations due Fannie Mae.  FHFA's ability to exercise its statutory powers and functions as Conservator is protected by federal law.  *See, e.g.*, 12 U.S.C. § 4617(f).

### B.      The Defendants

6.      Defendant Harrison Court Realty Co., L.P. ("Borrower-Defendant Harrison Court") is a Pennsylvania limited partnership organized and existing under the laws of the Commonwealth of Pennsylvania, having an address at 610 York Road, Suite 375, Jenkintown,

Pennsylvania 19046. The general partner of Borrower-Defendant Harrison Court is Old Harrison Corporation, a Pennsylvania corporation with a registered office at 1095 Rydal Road, Suite #325, Rydal, Pennsylvania 19046 and its principal place of business in the Commonwealth of Pennsylvania. R3Rascals, L.P. is the 99% limited partner of Borrower-Defendant Harrison Court and has a registered office at 3886 Bradford Rd., Huntingdon Valley, Pennsylvania 19006. R3Rascals, L.P. is owned ninety-eight percent (98%) by Philip Pulley, one percent (1%) owned by Devra Pulley and a one percent (1%) general partner, DeVil Management Corporation. Through information and belief, Philip Pulley is an adult individual with an address at 1241 Welsh Rd., Huntingdon Valley, Pennsylvania 19006. Through information and belief, Devra Pulley is an adult individual with an address at 1241 Welsh Rd., Huntingdon Valley, Pennsylvania 19006. DeVil Management Corporation is a Pennsylvania corporation with a registered address at 3886 Bradford Rd., Huntingdon Valley, Pennsylvania 19006 and a principal place of business in the Commonwealth of Pennsylvania

7. Upon information and belief, Defendant Simon Garden Realty Co L.P. ("Borrower-Defendant Simon Garden"), is a Pennsylvania limited partnership organized and existing under the laws of the Commonwealth of Pennsylvania, having an address at 610 York Road, Suite 375, Jenkintown, Pennsylvania 19046. The general partner of Borrower-Defendant Simon Garden is Old Simon Corporation, a Pennsylvania corporation with its principal place of business in the Commonwealth of Pennsylvania. R3Rascals, L.P. is the ninety-nine percent (99%) limited partner of Borrower-Defendant Simon Garden and has a registered office at 3886 Bradford Rd., Huntingdon Valley, Pennsylvania 19006. R3Rascals, L.P. is owned ninety-eight percent (98%) by Philip Pulley, one percent (1%) owned by Devra Pulley and a one percent (1%) general partner, DeVil Management Corporation. Through information and belief, Philip Pulley is an adult

individual with an address at 1241 Welsh Rd., Huntingdon Valley, Pennsylvania 19006. Through information and belief, Devra Pulley is an adult individual with an address at 1241 Welsh Rd., Huntingdon Valley, Pennsylvania 19006. DeVil Management Corporation is a Pennsylvania corporation with a registered address at 3886 Bradford Rd., Huntingdon Valley, Pennsylvania 19006, and a principal place of business in the Commonwealth of Pennsylvania

8.    Upon information and belief, Defendant Fern Rock Realty Co., L.P. ("Borrower-Defendant Fern Rock"), is a Pennsylvania limited partnership organized and existing under the laws of the Commonwealth of Pennsylvania, having an address at 610 York Road, Suite 375, Jenkintown, Pennsylvania 19046. The general partner of Borrower-Defendant Fern Rock is Old Fern Rock Corporation, a Pennsylvania corporation with a registered office at 1095 Rydal Road, Suite #325, Rydal, Pennsylvania 19046, and its principal place of business in the Commonwealth of Pennsylvania. R3Rascals, L.P. is the ninety-nine percent (99%) limited partner of Borrower-Defendant Fern Rock and has a registered office at 3886 Bradford Rd., Huntingdon Valley, Pennsylvania 19006. R3Rascals, L.P. is owned ninety-eight percent (98%) by Philip Pulley, one percent (1%) owned by Devra Pulley and a one percent (1%) general partner, DeVil Management Corporation. Through information and belief, Philip Pulley is an adult individual with an address at 1241 Welsh Rd., Huntingdon Valley, Pennsylvania 19006. Through information and belief, Devra Pulley is an adult individual with an address at 1241 Welsh Rd., Huntingdon Valley, Pennsylvania 19006. DeVil Management Corporation is a Pennsylvania corporation with a registered address at 3886 Bradford Rd., Huntingdon Valley, Pennsylvania 19006, and a principal place of business in the Commonwealth of Pennsylvania.

9.    Upon information and belief, Defendant Stonehurst Realty Co., L.P. ("Borrower-Defendant Stonehurst"), is a Pennsylvania limited partnership organized and existing

under the laws of the Commonwealth of Pennsylvania, having an address at 610 York Road, Suite 375, Jenkintown, Pennsylvania 19046. The general partner of Borrower-Defendant Stonehurst is Old Stone Corporation, a Pennsylvania corporation with a registered office at 1095 Rydal Road, Suite #325, Rydal, Pennsylvania 19046, and its principal place of business in the Commonwealth of Pennsylvania. R3Rascals, L.P. is the ninety-nine percent (99%) limited partner of Borrower-Defendant Stonehurst and has a registered office at 3886 Bradford Rd., Huntingdon Valley, Pennsylvania 19006. R3Rascals, L.P. is owned ninety-eight percent (98%) by Philip Pulley, one percent (1%) owned by Devra Pulley and a one percent (1%) general partner, DeVil Management Corporation. Through information and belief, Philip Pulley is an adult individual with an address at 1241 Welsh Rd., Huntingdon Valley, Pennsylvania 19006. Through information and belief, Devra Pulley is an adult individual with an address at 1241 Welsh Rd., Huntingdon Valley, Pennsylvania 19006. DeVil Management Corporation is a Pennsylvania corporation with a registered address at 3886 Bradford Rd., Huntingdon Valley, Pennsylvania 19006, and a principal place of business in the Commonwealth of Pennsylvania.

10. Upon information and belief, Defendant Marchwood Realty Co., L.P. ("Borrower-Defendant Marchwood"), is a Pennsylvania limited partnership organized and existing under the laws of the Commonwealth of Pennsylvania, having an address at 610 York Road, Suite 375 Jenkintown, Pennsylvania 19046. The general partner of Borrower-Defendant Marchwood is Old Marchwood Corporation, a Pennsylvania corporation with a registered office at 1241 Welsh Road, Huntingdon Valley, Pennsylvania 19006, and its principal place of business in the Commonwealth of Pennsylvania. My2Boys, L.P. is the ninety-nine percent (99%) limited partner of Borrower-Defendant Marchwood and has a registered office at 702 N. Marshall St., Philadelphia, Pennsylvania 19123. My2Boys, L.P. is owned ninety-nine percent (99%) by Philip

Pulley and one percent (1%) owned by a general partner, Satan Management Corporation. Through information and belief, Philip Pulley is an adult individual with an address at 1241 Welsh Rd., Huntingdon Valley, Pennsylvania 19006. Satan Management Corporation is a Pennsylvania corporation with a registered address at 702 N. Marshall St., Philadelphia, Pennsylvania 19123, and a principal place of business in the Commonwealth of Pennsylvania.

11. Upon information and belief, Defendant Allen's Lane Realty Co., L.P. ("Borrower-Defendant Allen's Lane"), is a Pennsylvania limited partnership organized and existing under the laws of the Commonwealth of Pennsylvania, having an address at 610 York Road, Suite 375, Jenkintown, Pennsylvania 19046. The general partner (one percent interest) of Borrower-Defendant Allen's Lane is Old Allen's Corporation, a Pennsylvania corporation with a registered office at 1095 Rydal Road, Suite #325, Rydal, Pennsylvania 19046, and its principal place of business in the Commonwealth of Pennsylvania. Philip Pulley is the sole shareholder of Old Allen's Corporation. Our2Girls, L.P. is the ninety-nine percent (99%) limited partner of Borrower-Defendant Allen's Lane and has a registered office at 1241 Welsh Rd., Huntingdon Valley, Pennsylvania 19006. Our2Girls, L.P. is owned ninety-nine percent (99%) by Philip Pulley and one percent (1%) by Lucifer Management Corporation. Through information and belief, Philip Pulley is an adult individual with an address at 1241 Welsh Rd., Huntingdon Valley, Pennsylvania 19006. Through information and belief, Lucifer Management Corporation is a Pennsylvania corporation with a registered address at 702 N. Marshall St., Philadelphia, Pennsylvania 19123 and a principal place of business in Pennsylvania. Philip Pulley is the sole shareholder of Lucifer Management Corporation.

12. Upon information and belief, Defendant Oak Lane Court Realty Co., L.P. ("Borrower-Defendant Oak Lane"), is a Pennsylvania limited partnership organized and existing

under the laws of the Commonwealth of Pennsylvania, having an address at 610 York Road, Suite 375, Jenkintown, Pennsylvania 19046. The general partner of Borrower-Defendant Oak Lane is Old Oak Lane Corporation, a Pennsylvania corporation with an office at 702 N. Marshall St., Philadelphia, Pennsylvania 19123, and its principal place of business in the Commonwealth of Pennsylvania. My2Boys, L.P. is the ninety-nine percent (99%) limited partner of Borrower-Defendant Oak Lane and has a registered office at 702 N. Marshall St., Philadelphia, Pennsylvania 19123. My2Boys, L.P. is owned ninety-nine percent (99%) by Philip Pulley and one percent (1%) owned by a general partner, Satan Management Corporation. Through information and belief, Philip Pulley is an adult individual with an address at 1241 Welsh Rd., Huntingdon Valley, Pennsylvania 19006. Satan Management Corporation is a Pennsylvania corporation with a registered address at 702 N. Marshall St., Philadelphia, Pennsylvania 19123, and a principal place of business in the Commonwealth of Pennsylvania.

13. Upon information and belief, Defendant Greene Tree Realty Co., L.P. ("Borrower-Defendant Greene Tree"), is a Pennsylvania limited partnership organized and existing under the laws of the Commonwealth of Pennsylvania, having an address at 1095 Rydal Road, Suite #325, Rydal, Pennsylvania 19046. The general partner of Borrower-Defendant Greene Tree is Old Green Tree Corporation, a Pennsylvania corporation with a registered office at 1095 Rydal Road, Suite #325, Rydal, Pennsylvania 19046, and its principal place of business in the Commonwealth of Pennsylvania. Philip Pulley is the sole shareholder of Old Green Tree Corporation. Our2Girls, L.P. is the ninety-nine percent (99%) limited partner of Borrower-Defendant Allen's Lane and has a registered office at 1241 Welsh Rd., Huntingdon Valley, Pennsylvania 19006. Our2Girls, L.P. is owned ninety-nine percent (99%) by Philip Pulley and one percent (1%) by Lucifer Management Corporation. Through information and belief, Philip

Pulley is an adult individual with an address at 1241 Welsh Rd., Huntingdon Valley, Pennsylvania 19006. Through information and belief, Lucifer Management Corporation is a Pennsylvania corporation with a registered address at 702 N. Marshall St., Philadelphia, Pennsylvania 19123 and a principal place of business in Pennsylvania. Philip Pulley is the sole shareholder of Lucifer Management Corporation.

14.     As a result, upon information and belief, Borrower-Defendant Harrison Court, Borrower-Defendant Simon Garden, Borrower-Defendant Stonehurst, Borrower-Defendant Marchwood, Borrower-Defendant Allen's Lane, Borrower-Defendant Oak Lane, and Borrower-Defendant Greene Tree are not a citizens of the District of Columbia because their partners are not citizens of the District of Columbia.

## JURISDICTION, AND VENUE

15.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000 and the action is between citizens of different states.

16.     For purposes of diversity jurisdiction, Plaintiff is a citizen of Washington, D.C.  12 U.S.C. § 1717(a)(2)(B).

17.     For purposes of diversity jurisdiction, upon information and belief, neither the following defendants nor any partner thereof are citizens of Washington, D.C.:  Harrison Court Realty Co., L.P.; Simon Garden Realty Co L.P.; Fern Rock Realty Co., L.P.; Stonehurst Realty Co., L.P.; Marchwood Realty Co., L.P.; Allen's Lane Realty Co., L.P.; Oak Lane Court Realty Co., L.P.; and Greene Tree Realty Co., L.P.

18.     This Court has personal jurisdiction over the Borrower-Defendants because, *inter alia*, these defendants agreed to submit to personal jurisdiction in the federal and state courts

in the Commonwealth of Pennsylvania according to the terms of the Loan Documents (as defined herein).

19.     Venue exists in this judicial district pursuant to 28 U.S.C. § 1391(a)(2) because the real properties that are the subject of this action are situated in this district.  Moreover, pursuant to Section 15.01 of the Loan Agreements (as defined below) the Borrower-Defendant consented to jurisdiction and venue in this Court.

## FACTS

**A.     The Mortgages, Loan Documents, and Loan Assignments to Plaintiff**

20.     Each mortgage loan for the Properties is governed by certain loan documents, as described below.  The terms of these loan documents are all substantially identical to one another.  Collectively, these Notes, Loan Agreements, Mortgage Agreements, Guaranties, and all attachments thereto and assignments thereof are referred to as the "Loan Documents."

21.     The financial terms of each mortgage loan are spelled out in the Schedules to each Loan Agreement.

22.     Each mortgage loan is guaranteed by Phillip C. Pulley (the "Guarantor").

23.     Borrower-Defendants Harrison Court and Simon Garden owe an outstanding principal sum of $7,367,912.18 on its mortgage loan; Borrower-Defendant Fern Rock owes an outstanding principal sum of $6,741,000.00 on its mortgage loan; Borrower-Defendant Stonehurst owes an outstanding principal sum of $6,181,000.00 on its mortgage loan; Borrower-Defendant Marchwood owes an outstanding principal sum of $13,935,000.00 on its mortgage loan; Borrower-Defendant Allen's Lane owes an outstanding principal sum of $9,575,961.01 on its mortgage loan; Borrower-Defendant Oak Lane owes an outstanding principal sum of $6,937,298.40 on its mortgage loan; and Borrower-Defendant Greene Tree owes an outstanding principal sum of $8,608,000.00 on its mortgage loan.

24.     Collectively, the mortgage loans currently total $59,301,325.94 in outstanding principal indebtedness due to Plaintiff.

    *(i)      Harrison Court Realty Co., L.P., and Simon Garden Realty Co L.P.*

25.     On September 30, 2021, Orix Real Estate Capital, LLC, doing business as Lument Capital, as original lender ("Original Lender"), loaned $7,717,000.00 (the "Harrison-Simon Loan") to Borrower-Defendants Harrison Court and Simon Garden pursuant to that certain Multifamily Loan and Security Agreement (Non-Recourse) (the "Harrison-Simon Loan Agreement") and related Harrison-Simon Loan Documents (as defined herein).  A true and correct copy of the Harrison-Simon Loan Agreement is attached hereto as **Exhibit 1** and incorporated by reference herein.

26.     The Harrison-Simon Loan is evidenced by a Multifamily Note (the "Harrison-Simon Note"), dated September 30, 2021.   A true and correct copy of the Harrison-Simon Note is attached hereto as **Exhibit 2** and incorporated by reference herein.

27.     The Harrison-Simon Note is secured by:

> a.     that certain Open-End Multifamily Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "Harrison Mortgage") granted by Borrower-Defendants Harrison Court and Simon Garden to Original Lender, dated September 24, 2021, and made effective as of September 30, 2021. That Harrison Mortgage was recorded on October 14, 2021, with the Philadelphia PA Records Department (the "Records Department") at Document ID: 2021078858, and encumbers the property located at 385 Harrison Avenue, Upper Darby, PA 19082, as more particularly described therein (the "Harrison Mortgaged Property"); and

> b.     that certain Open-End Multifamily Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "Simon Mortgage") granted by Borrower-Defendants Harrison Court and Simon Garden to Original Lender, dated September 24, 2021, and made effective as of September 30, 2021. That Simon Mortgage was recorded on December 23, 2021, with the Philadelphia PA Records Department (the "Records Department") at Document ID: 53926421, and encumbers the property located at 6731 Musgrave Street, Philadelphia PA 19119, as more particularly

described therein (the "Simon Mortgaged Property").

28.     True and correct copies of the Harrison Mortgage and the Simon Mortgage (together, the "Harrison-Simon Mortgages") are attached hereto as **Exhibit 3** and **Exhibit 4**, respectively, and incorporated by reference herein.

29.     Guarantor, as an individual, executed and delivered to Original Lender that certain Guaranty of Non-Recourse Obligations (the "Harrison-Simon Guaranty"), dated September 30, 2021, pursuant to which Guarantor guaranteed all amounts owed to Plaintiff pursuant to the Harrison-Simon Loan Agreement, including all of Plaintiff's fees and expenses incurred by Plaintiff in enforcing its rights under the Harrison-Simon Guaranty. A true and correct copy of the Harrison-Simon Guaranty is attached hereto as **Exhibit 5** and incorporated by reference herein.

30.     The Harrison-Simon Note is further secured by the UCC-1 Financing Statement duly filed with the Commonwealth of Pennsylvania on October 19, 2021, at Instrument Number 2021102000182 (the "Harrison-Simon Financing Statement"). A true and correct copy of the Harrison-Simon Financing Statement is attached hereto as **Exhibit 6** and incorporated by reference herein.

31.     The Harrison-Simon Note, the Harrison-Simon Mortgages, the Harrison-Simon Guaranty, and all such other documents executed by the Obligors to secure the Harrison-Simon Note are referred collectively to as the "Harrison-Simon Loan Documents."

32.     Original Lender assigned Plaintiff all right, title, and interest in and to the Harrison-Simon Mortgages pursuant to the Assignment of Security Instrument (the "Harrison-Simon Mortgage Assignment"), recorded with the Records Department at Document ID: 2021078859 on October 14, 2021. A true and correct copy of the Harrison-Simon Mortgage Assignment is attached hereto as **Exhibit 7** and incorporated by reference herein.

33.     Original Lender assigned Plaintiff all right, title, and interest in and to the Harrison-Simon Loan Documents, pursuant to Assignment of Collateral Agreements and Other Loan Documents (the "Harrison-Simon Loan Documents Assignment"), dated September 30, 2021.  A true and correct copy of the Harrison-Simon Loan Documents Assignment is attached hereto as **Exhibit 8** and incorporated by reference herein.

34.     The Harrison Mortgaged Property encumbered by the Harrison Mortgage is described more particularly in **Exhibit 9** attached hereto and incorporated by reference herein.

35.     The Simon Mortgaged Property encumbered by the Simon Mortgage is described more particularly in **Exhibit 10** attached hereto and incorporated by reference herein

36.     The Harrison Mortgage and the Simon Mortgage each also constitutes a security agreement with respect to the personal property, *see* Harrison Mortgage, Section 2 and Simon Mortgage, Section 2, and, because the Harrison-Simon Mortgages were recorded on October 14, 2021 and December 23, 2021, constitutes "fixture filing[s]" within the meaning of section 9-334 of the Uniform Commercial Code as adopted in Pennsylvania.  *See* 13 Pa. C.S. § 9334.

37.     The personal property in which Borrower-Defendants Harrison Court and Simon Garden granted the Lender a security interest is identified in the Harrison-Simon Mortgages.  *See* Harrison Mortgage, pp. 5-6; Simon Mortgage, pp. 5-6.

*(ii)     Fern Rock Realty Co., L.P.*

38.     On May 12, 2022, Original Lender loaned $6,741,000.00 (the "Fern Rock Loan") to Borrower-Defendant Fern Rock pursuant to that certain Multifamily Loan and Security Agreement (Non-Recourse) (the "Fern Rock Loan Agreement") and related Fern Rock Loan

Documents (as defined herein). A true and correct copy of the Fern Rock Loan Agreement is attached hereto as **Exhibit 11** and incorporated by reference herein.

39. The Fern Rock Loan is evidenced by a Multifamily Note (the "Fern Rock Note"), dated May 12, 2022. A true and correct copy of the Fern Rock Note is attached hereto as **Exhibit 12** and incorporated by reference herein.

40. The Fern Rock Note is secured by that certain Open-End Multifamily Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "Fern Rock Mortgage") granted by Borrower-Defendant Fern Rock to Original Lender, dated April 22, 2022, and made effective as of May 12, 2022. The Fern Rock Mortgage was recorded on June 3, 2022, with the Records Department at Document ID: 54051161, and encumbers the Fern Rock Property, as more particularly described therein (the "Fern Rock Mortgaged Property"). A true and correct copy of the Fern Rock Mortgage is attached hereto as **Exhibit 13** and incorporated by reference herein.

41. Guarantor, as an individual, executed and delivered to Original Lender that certain Guaranty of Non-Recourse Obligations (the "Fern Rock Guaranty"), dated May 12, 2022, pursuant to which Guarantor guaranteed all amounts owed to Plaintiff pursuant to the Fern Rock Loan Agreement, including all of Plaintiff's fees and expenses incurred by Plaintiff in enforcing its rights under the Fern Rock Guaranty. A true and correct copy of the Fern Rock Guaranty is attached hereto as **Exhibit 14** and incorporated by reference herein.

42. The Fern Rock Note is further secured by the UCC-1 Financing Statement duly filed with the Commonwealth of Pennsylvania on November 30, 2022, at Instrument Number 20221215080565 (the "Fern Rock Financing Statement"). A true and correct copy of the Fern Rock Financing Statement is attached hereto as **Exhibit 15** and incorporated by reference herein.

43.     The Fern Rock Note, the Fern Rock Mortgage, the Fern Rock Guaranty, and all such other documents executed by the Obligors to secure the Fern Rock Note are referred collectively to as the "Fern Rock Loan Documents."

44.     Original Lender assigned Plaintiff all right, title, and interest in and to the Fern Rock Mortgage pursuant to the Assignment of Security Instrument (the "Fern Rock Mortgage Assignment"), recorded with the Records Department at Document ID: 54051163 on June 3, 2022. A true and correct copy of the Fern Rock Mortgage Assignment is attached hereto as **Exhibit 16** and incorporated by reference herein.

45.     Original Lender assigned Plaintiff all right, title, and interest in and to the Fern Rock Loan Documents, pursuant to Assignment of Collateral Agreements and Other Loan Documents (the "Fern Rock Loan Documents Assignment"), dated May 12, 2022.  A true and correct copy of the Fern Rock Loan Document Assignment is attached hereto as **Exhibit 17** and incorporated by reference herein.

46.     The Fern Rock Mortgaged Property encumbered by the Fern Rock Mortgage is described more particularly in **Exhibit 18** attached hereto and incorporated by reference herein.

47.     The Fern Rock Mortgage also constitutes a security agreement with respect to the personal property, *see* Fern Rock Mortgage, Section 2, and, because the Fern Rock Mortgage was recorded on June 3, 2022, constitutes a "fixture filing" within the meaning of section 9-334 of the Uniform Commercial Code as adopted in Pennsylvania.  *See* 13 Pa. C.S. § 9334.

48.     The personal property in which Borrower-Defendant Fern Rock granted the Lender a security interest is identified in the Fern Rock Mortgage.  *See* Fern Rock Mortgage, pp. 4-5.

     *(iii)*     *Stonehurst Realty Co., L.P.*

49.     On May 12, 2022, Original Lender loaned $6,181,000.00 (the "Stonehurst Loan") to Borrower-Defendant Stonehurst pursuant to that certain Multifamily Loan and Security Agreement (Non-Recourse) (the "Stonehurst Loan Agreement") and related Stonehurst Loan Documents (as defined herein). A true and correct copy of the Stonehurst Loan Agreement is attached hereto as **Exhibit 19** and incorporated by reference herein.

50.     The Stonehurst Loan is evidenced by a Multifamily Note (the "Stonehurst Note"), dated May 12, 2022. A true and correct copy of the Stonehurst Note is attached hereto as **Exhibit 20** and incorporated by reference herein.

51.     The Stonehurst Note is secured by that certain Open-End Multifamily Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "Stonehurst Mortgage") granted by Borrower-Defendant Stonehurst to Original Lender, dated April 22, 2022, and made effective as of May 12, 2022. That Stonehurst Mortgage was recorded on June 6, 2022, with the Delaware County Records Department (the "Delaware County Records Department") at Document ID: 2022032350, and encumbers the Stonehurst Property, as more particularly described therein (the "Stonehurst Mortgaged Property"). A true and correct copy of the Stonehurst Mortgage is attached hereto as **Exhibit 21** and incorporated by reference herein.

52.     Guarantor, as an individual, executed and delivered to Original Lender that certain Guaranty of Non-Recourse Obligations (the "Stonehurst Guaranty"), dated May 12, 2022, pursuant to which Guarantor guaranteed all amounts owed to Plaintiff pursuant to the Stonehurst Loan Agreement, including all of Plaintiff's fees and expenses incurred by Plaintiff in enforcing its rights under the Stonehurst Guaranty. A true and correct copy of the Stonehurst Guaranty is attached hereto as **Exhibit 22** and incorporated by reference herein.

53.     The Stonehurst Note is further secured by the UCC-1 Financing Statement duly filed with the Commonwealth of Pennsylvania on May 26, 2022, at Instrument Number 2022052701130 (the "Stonehurst Financing Statement").  A true and correct copy of the Stonehurst Financing Statement is attached hereto as **Exhibit 23** and incorporated by reference herein.

54.     The Stonehurst Note, the Stonehurst Mortgage, the Stonehurst Guaranty, and all such other documents executed by the Obligors to secure the Stonehurst Note are referred collectively to as the "Stonehurst Loan Documents."

55.     Original Lender assigned Plaintiff all right, title, and interest in and to the Stonehurst Mortgage pursuant to the Assignment of Security Instrument (the "Stonehurst Mortgage Assignment"), recorded with the Delaware County Records Department at Document ID: 2022032352 on June 6, 2022.  A true and correct copy of the Stonehurst Mortgage Assignment is attached hereto as **Exhibit 24** and incorporated by reference herein.

56.     Original Lender assigned Plaintiff all right, title, and interest in and to the Stonehurst Loan Documents, pursuant to Assignment of Collateral Agreements and Other Loan Documents (the "Stonehurst Loan Documents Assignment"), dated May 12, 2022.  A true and correct copy of the Stonehurst Loan Document Assignment is attached hereto as **Exhibit 25** and incorporated by reference herein.

57.     The Stonehurst Mortgaged Property encumbered by the Stonehurst Mortgage is described more particularly in **Exhibit 26** attached hereto and incorporated by reference herein.

58.     The Stonehurst Mortgage also constitutes a security agreement with respect to the personal property, *see* Stonehurst Mortgage, Section 2, and, because the Stonehurst

Mortgage was recorded on June 6, 2022, constitutes a "fixture filing" within the meaning of section 9-334 of the Uniform Commercial Code as adopted in Pennsylvania. *See* 13 Pa. C.S. § 9334.

59.     The personal property in which Borrower-Defendant Stonehurst granted the Lender a security interest is identified in the Stonehurst Mortgage. *See* Stonehurst Mortgage, pp. 4-5.

*(iv)     Marchwood Realty Co., L.P.*

60.     On October 14, 2022, Original Lender loaned $13,935,000.00 (the "Marchwood Loan") to Borrower-Defendant Marchwood pursuant to that certain Multifamily Loan and Security Agreement (Non-Recourse) (the "Marchwood Loan Agreement") and related Marchwood Loan Documents (as defined herein). A true and correct copy of the Marchwood Loan Agreement is attached hereto as **Exhibit 27** and incorporated by reference herein.

61.     The Marchwood Loan is evidenced by a Multifamily Note (the "Marchwood Note"), dated October 14, 2022. A true and correct copy of the Marchwood Note is attached hereto as **Exhibit 28** and incorporated by reference herein.

62.     The Marchwood Note is secured by that certain Open-End Multifamily Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "Marchwood Mortgage") granted by Borrower-Defendant Marchwood to Original Lender, dated September 12, 2022, and made effective as of October 14, 2022. That Marchwood Mortgage was recorded on October 17, 2022, with the Records Department at Document ID: 54110061, and encumbers the Marchwood Property, as more particularly described therein (the "Marchwood Mortgaged Property"). A true and correct copy of the Marchwood Mortgage is attached hereto as **Exhibit 29** and incorporated by reference herein.

63.    Guarantor, as an individual, executed and delivered to Original Lender that certain Guaranty of Non-Recourse Obligations (the "Marchwood Guaranty"), dated October 14, 2022, pursuant to which Guarantor guaranteed all amounts owed to Plaintiff pursuant to the Marchwood Loan Agreement, including all of Plaintiff's fees and expenses incurred by Plaintiff in enforcing its rights under the Marchwood Guaranty. A true and correct copy of the Marchwood Guaranty is attached hereto as **Exhibit 30** and incorporated by reference herein.

64.    The Marchwood Note is further secured by the UCC-1 Financing Statement duly filed with the Commonwealth of Pennsylvania on November 30, 2022, at Instrument Number 20221215080554 (the "Marchwood Financing Statement"). A true and correct copy of the Marchwood Financing Statement is attached hereto as **Exhibit 31** and incorporated by reference herein.

65.    The Marchwood Note, the Marchwood Mortgage, the Marchwood Guaranty, and all such other documents executed by the Obligors to secure the Marchwood Note are referred collectively to as the "Marchwood Loan Documents."

66.    Original Lender assigned Plaintiff all right, title, and interest in and to the Marchwood Mortgage pursuant to the Assignment of Security Instrument (the "Marchwood Mortgage Assignment"), recorded with the Records Department at Document ID: 54110062 on October 17, 2022. A true and correct copy of the Marchwood Mortgage Assignment is attached hereto as **Exhibit 32** and incorporated by reference herein.

67.    Original Lender assigned Plaintiff all right, title, and interest in and to the Marchwood Loan Documents, pursuant to Assignment of Collateral Agreements and Other Loan Documents (the "Marchwood Loan Documents Assignment"), dated October 14, 2022. A true and correct copy of the Marchwood Loan Document Assignment is attached hereto as **Exhibit 33**

and incorporated by reference herein.

68.     The Marchwood Mortgaged Property encumbered by the Marchwood Mortgage is described more particularly in **Exhibit 34** attached hereto and incorporated by reference herein.

69.     The Marchwood Mortgage also constitutes a security agreement with respect to the personal property, *see* Marchwood Mortgage, Section 2, and, because the Marchwood Mortgage was recorded October 17, 2022, constitutes a "fixture filing" within the meaning of section 9-334 of the Uniform Commercial Code as adopted in Pennsylvania. *See* 13 Pa. C.S. § 9334.

70.     The personal property in which Marchwood Realty Co., L.P. granted the Lender a security interest is identified in the Marchwood Mortgage. *See* Marchwood Mortgage, pp. 4-5.

     *(v)*     *Allen's Lane Realty Co., L.P.*

71.     On June 4, 2021, Original Lender loaned $10,087,000.00 (the "<u>Allen's Lane Loan</u>") to Borrower-Defendant Allen's Lane pursuant to that certain Multifamily Loan and Security Agreement (Non-Recourse) (the "<u>Allen's Lane Loan Agreement</u>") and related Allen's Lane Loan Documents (as defined herein). A true and correct copy of the Allen's Lane Loan Agreement is attached hereto as **Exhibit 35** and incorporated by reference herein.

72.     The Allen's Lane Loan is evidenced by a Multifamily Note (the "<u>Allen's Lane Note</u>"), dated June 4, 2021. A true and correct copy of the Allen's Lane Note is attached hereto as **Exhibit 36** and incorporated by reference herein.

73.     The Allen's Lane Note is secured by that certain Open-End Multifamily Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "<u>Allen's</u>

Lane Mortgage") granted by Borrower-Defendant Allen's Lane to Original Lender, dated May 12, 2021, and made effective as of June 4, 2021. That Allen's Lane Mortgage was recorded on July 29, 2021 with the Records Department at Document ID: 53863122, and encumbers the Allen's Lane Property, as more particularly described therein (the "Allen's Lane Mortgaged Property"). A true and correct copy of the Allen's Lane Mortgage is attached hereto as **Exhibit 37** and incorporated by reference herein.

74. Guarantor, as an individual, executed and delivered to Original Lender that certain Guaranty of Non-Recourse Obligations (the "Allen's Lane Guaranty"), dated June 4, 2021, pursuant to which Guarantor guaranteed all amounts owed to Plaintiff pursuant to the Allen's Lane Loan Agreement, including all of Plaintiff's fees and expenses incurred by Plaintiff in enforcing its rights under the Allen's Lane Guaranty. A true and correct copy of the Allen's Lane Guaranty is attached hereto as **Exhibit 38** and incorporated by reference herein.

75. The Allen's Lane Note is further secured by the UCC-1 Financing Statement duly filed with the Commonwealth of Pennsylvania on June 14, 2021, at Instrument Number 2021061502093 (the "Allen's Lane Financing Statement"). A true and correct copy of the Allen's Lane Financing Statement is attached hereto as **Exhibit 39** and incorporated by reference herein.

76. The Allen's Lane Note, the Allen's Lane Mortgage, the Allen's Lane Guaranty, and all such other documents executed by the Obligors to secure the Allen's Lane Note are referred collectively to as the "Allen's Lane Loan Documents."

77. Original Lender assigned Plaintiff all right, title, and interest in and to the Allen's Lane Mortgage pursuant to the Assignment of Security Instrument (the "Allen's Lane Mortgage Assignment"), recorded with the Records Department at Document ID: 53863123 on

July 29, 2021.  A true and correct copy of the Allen's Lane Mortgage Assignment is attached hereto as **Exhibit 40** and incorporated by reference herein.

78.     Original Lender assigned Plaintiff all right, title, and interest in and to the Allen's Lane Loan Documents, pursuant to Assignment of Collateral Agreements and Other Loan Documents (the "Allen's Lane Loan Documents Assignment"), dated June 4, 2021.  A true and correct copy of the Allen's Lane Loan Document Assignment is attached hereto as **Exhibit 41** and incorporated by reference herein.

79.     The Allen's Lane Mortgaged Property encumbered by the Allen's Lane Mortgage is described more particularly in **Exhibit 42** attached hereto and incorporated by reference herein.

80.     The Allen's Lane Mortgage also constitutes a security agreement with respect to the personal property, *see* Allen's Lane Mortgage, Section 2, and, because the Allen's Lane Mortgage was recorded July 29, 2021, constitutes a "fixture filing" within the meaning of section 9-334 of the Uniform Commercial Code as adopted in Pennsylvania.  *See* 13 Pa. C.S. § 9334.

81.     The personal property in which Allen's Lane Realty Co., L.P. granted the Lender a security interest is identified in the Allen's Lane Mortgage.  *See* Allen's Lane Mortgage, pp. 4-5.

        *(vi)     Oak Lane Court Realty Co., L.P.*

82.     On September 30, 2021, Original Lender loaned $7,278,000.00 (the "Oak Loan") to Borrower-Defendant Oak Lane pursuant to that certain Multifamily Loan and Security Agreement (Non-Recourse) (the "Oak Lane Loan Agreement") and related Oak Lane Loan Documents (as defined herein).  A true and correct copy of the Oak Lane Loan Agreement is

attached hereto as **Exhibit 43** and incorporated by reference herein.

83.    The Oak Lane Loan is evidenced by a Multifamily Note (the "Oak Lane Note"), dated September 30, 2021.  A true and correct copy of the Oak Lane Note is attached hereto as **Exhibit 44** and incorporated by reference herein.

84.    The Oak Lane Note is secured by that certain Open-End Multifamily Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "Oak Lane Mortgage") granted by Borrower-Defendant Oak Lane to Original Lender, dated September 24, 2021, and made effective as of September 30, 2021.  That Oak Lane Mortgage was recorded on February 7, 2022 with the Records Department at Document ID: 53966929, and encumbers the Oak Lane Property, as more particularly described therein (the "Oak Lane Mortgaged Property"). A true and correct copy of the Oak Lane Mortgage is attached hereto as **Exhibit 45** and incorporated by reference herein.

85.    Guarantor, as an individual, executed and delivered to Original Lender that certain Guaranty of Non-Recourse Obligations (the "Oak Lane Guaranty"), dated September 30, 2021, pursuant to which Guarantor guaranteed all amounts owed to Plaintiff pursuant to the Oak Lane Loan Agreement, including all of Plaintiff's fees and expenses incurred by Plaintiff in enforcing its rights under the Oak Lane Guaranty.  A true and correct copy of the Oak Lane Guaranty is attached hereto as **Exhibit 46** and incorporated by reference herein.

86.    The Oak Lane Note is further secured by the UCC-1 Financing Statement duly filed with the Commonwealth of Pennsylvania on October 19, 2021, at Instrument Number 2021102000185 (the "Oak Lane Financing Statement").  A true and correct copy of the Oak Lane Financing Statement is attached hereto as **Exhibit 47** and incorporated by reference herein.

87.    The Oak Lane Note, the Oak Lane Mortgage, the Oak Lane Guaranty, and

all such other documents executed by the Obligors to secure the Oak Lane Note are referred collectively to as the "Oak Lane Loan Documents."

88. Original Lender assigned Plaintiff all right, title, and interest in and to the Oak Lane Mortgage pursuant to the Assignment of Security Instrument (the "Oak Lane Mortgage Assignment"), recorded with the Records Department at Document ID: 53966930 on February 7, 2022. A true and correct copy of the Oak Lane Mortgage Assignment is attached hereto as **Exhibit 48** and incorporated by reference herein.

89. Original Lender assigned Plaintiff all right, title, and interest in and to the Oak Lane Loan Documents, pursuant to Assignment of Collateral Agreements and Other Loan Documents (the "Oak Lane Loan Documents Assignment"), dated September 30, 2021. A true and correct copy of the Oak Lane Loan Document Assignment is attached hereto as **Exhibit 49** and incorporated by reference herein.

90. The Oak Lane Mortgaged Property encumbered by the Oak Lane Mortgage is described more particularly in **Exhibit 50** attached hereto and incorporated by reference herein.

91. The Oak Lane Mortgage also constitutes a security agreement with respect to the personal property, *see* Oak Lane Mortgage, Section 2, and, because the Oak Lane Mortgage was recorded February 7, 2022, constitutes a "fixture filing" within the meaning of section 9-334 of the Uniform Commercial Code as adopted in Pennsylvania. *See* 13 Pa. C.S. § 9334.

92. The personal property in which Oak Lane Court Realty Co., L.P. granted the Lender a security interest is identified in the Oak Lane Mortgage. *See* Oak Lane Mortgage, pp. 4-5.

*(vii)    Greene Tree Realty Co., L.P.*

93. On May 12, 2022, Original Lender loaned $8,608,000.00 (the "Greene Tree

Loan") to Borrower-Defendant Greene Tree pursuant to that certain Multifamily Loan and Security Agreement (Non-Recourse) (the "<u>Greene Tree Loan Agreement</u>")[2] and related Greene Tree Loan Documents (as defined herein). A true and correct copy of the Greene Tree Loan Agreement is attached hereto as **Exhibit 51** and incorporated by reference herein.

94. The Greene Tree Loan is evidenced by a Multifamily Note (the "<u>Greene Tree Note</u>"),[3] dated May 12, 2022. A true and correct copy of the Greene Tree Note is attached hereto as **Exhibit 52** and incorporated by reference herein.

95. The Greene Tree Note is secured by that certain Open-End Multifamily Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing (the "<u>Greene Tree Mortgage</u>")[4] granted by Borrower-Defendant Greene Tree to Original Lender, dated April 22, 2022, and made effective as of May 12, 2022. That Greene Tree Mortgage was recorded on June 3, 2022, with the Records Department at Document ID: 54051264, and encumbers the Greene Tree Property, as more particularly described therein (the "<u>Greene Tree Mortgaged Property</u>"). A true and correct copy of the Greene Tree Mortgage is attached hereto as **Exhibit 53** and incorporated by reference herein.

96. Guarantor, as an individual, executed and delivered to Original Lender that certain Guaranty of Non-Recourse Obligations (the "<u>Greene Tree Guaranty</u>"), dated May 12, 2022, pursuant to which Guarantor guaranteed all amounts owed to Plaintiff pursuant to the Greene Tree

---

[2] Together, the Marchwood Loan Agreement, the Harrison-Simon Loan Agreement, the Fern Rock Loan Agreement, the Stonehurst Loan Agreement, the Allen's Lane Loan Agreement, the Oak Lane Loan Agreement, and the Greene Tree Loan Agreement are referred to herein as the "<u>Loan Agreements</u>".

[3] Together, the Marchwood Note, the Harrison-Simon Note, the Fern Rock Note, the Stonehurst Notes, the Allen's Lane Note, the Oak Lane Note, and the Greene Tree Note are referred to herein as the "<u>Notes</u>".

[4] Together, the Marchwood Mortgage, the Harrison-Simon Mortgages, the Fern Rock Mortgage, the Stonehurst Mortgage, the Allen's Lane Mortgage, the Oak Lane Mortgage, and the Greene Tree Mortgage are referred to herein as the "<u>Mortgages</u>".

Loan Agreement, including all of Plaintiff's fees and expenses incurred by Plaintiff in enforcing its rights under the Greene Tree Guaranty. A true and correct copy of the Greene Tree Guaranty is attached hereto as **Exhibit 54** and incorporated by reference herein.

97. The Greene Tree Note is further secured by the UCC-1 Financing Statement duly filed with the Commonwealth of Pennsylvania on May 26, 2022, at Instrument Number 2022052701135 (the "Greene Tree Financing Statement"). A true and correct copy of the Greene Tree Financing Statement is attached hereto as **Exhibit 55** and incorporated by reference herein.

98. The Greene Tree Note, the Greene Tree Mortgage, the Greene Tree Guaranty, and all such other documents executed by the Obligors to secure the Greene Tree Note are referred collectively to as the "Greene Tree Loan Documents."

99. Original Lender assigned Plaintiff all right, title, and interest in and to the Greene Tree Mortgage pursuant to the Assignment of Security Instrument (the "Greene Tree Mortgage Assignment"), recorded with the Records Department at Document ID: 54051266 on June 3, 2022. A true and correct copy of the Greene Tree Mortgage Assignment is attached hereto as **Exhibit 56** and incorporated by reference herein.

100. Original Lender assigned Plaintiff all right, title, and interest in and to the Greene Tree Loan Documents, pursuant to Assignment of Collateral Agreements and Other Loan Documents (the "Greene Tree Loan Documents Assignment"), dated May 12, 2022. A true and correct copy of the Greene Tree Loan Document Assignment is attached hereto as **Exhibit 57** and incorporated by reference herein.

101. The Greene Tree Mortgaged Property encumbered by the Greene Tree Mortgage is described more particularly in **Exhibit 58** attached hereto and incorporated by reference herein.

102.    The Greene Tree Mortgage also constitutes a security agreement with respect to the personal property, *see* Greene Tree Mortgage, Section 2, and, because the Greene Tree Mortgage was recorded June 3, 2022, constitutes a "fixture filing" within the meaning of section 9-334 of the Uniform Commercial Code as adopted in Pennsylvania. *See* 13 Pa. C.S. § 9334.

103.    The personal property in which Greene Tree Realty Co., L.P. granted the Lender a security interest is identified in the Greene Tree Mortgage. *See* Greene Tree Mortgage, pp. 4-5.

**B.    Defaults, Fees, and Remedies, Including Foreclosure, Under the Loan Documents**

104.    Under Section 14.01(a)(1) of the Loan Agreements, any failure by a Borrower-Defendant to pay or deposit when due any amount required by the Notes, the Mortgage Agreements, or any other Loan Document is deemed an automatic "<u>Event of Default</u>." *See* Exhibits 1, 9, 17, 25, 33, 41, and 49. This includes failure to pay any Monthly Debt Service Payment (as defined below).

105.    Pursuant to Section § 2.02(a)(3) of the Loan Agreements, the Borrower-Defendants are required to make Monthly Debt Service Payments (comprised of either interest only or principal and interest, depending on the amortization type), each in the amount of the applicable "<u>Monthly Debt Service Payment</u>." *See id*.

106.    Under Section 2.02(d)(1)(A) of the Loan Agreements, if any principal, interest, or other indebtedness due under the Loan Documents remains past due for thirty (30) days or more, then interest on such unpaid amount(s) shall accrue from the date payment is due at the "<u>Default Rate</u>." *See id*. The Default Rate is defined in the Loan Agreements to be the lesser of "the sum of the Interest Rate plus four (4) percentage points" or "the maximum interest rate which may be collected from Borrower under applicable law." *See id*., Schedule 1.

107. Additionally, under Section 2.02(c) of the Loan Agreements, if any amount payable under the Loan Agreements is not received by Lender within ten days of the due date, the Borrower-Defendants are required to pay Lender a late charge. *Id*. The late charge is payable in addition to, and not in lieu of, any interest payable at the Default Rate.

108. Pursuant to Section 3 of the Notes and Sections 1 and 3 of the Mortgages, an Event of Default under the Loan Agreements is an Event of Default under the Notes and Mortgages. *See* Exhibits 2, 3, 10, 11, 18, 19, 26, 27, 34, 35, 42, 43, 50, and 51.

109. Pursuant to Section 14.02(a) of the Loan Agreements and Section 5 of the Mortgages, Plaintiff has the right to foreclose on the Mortgages and to obtain an order directing the sale of the Mortgaged Properties to satisfy the indebtedness it is owed. *See* Exhibits 1, 9, 17, 25, 33, 41, and 49.

110. Pursuant to Section 4 of the Mortgages, Plaintiff may recover, *inter alia*, its out-of-pocket expenses incurred as part of protecting its interests in the Properties. *See* Exhibits 3, 11, 19, 27, 35, 43, and 51.

111. The Mortgages provide the following remedies (among others) to Plaintiff:

      a.      Pursuant to Section 5(a) of the Mortgages, Plaintiff may foreclose on the Properties. *See* Exhibits 3, 11, 19, 27, 35, 43, and 51.

      b.      Pursuant to Section 3(e) of the Mortgages, Plaintiff may seek the appointment of a receiver over the Mortgaged Properties as a matter of right, without consideration of the value of the Mortgaged Properties, ***without the necessity of giving prior notice (oral or written) to Borrower(s)***. *See id.* (emphasis added).

## C.    **Failures to Make Monthly Payments Due and Events of Default**

*(i)    Borrower-Defendants Harrison Court Realty Co., L.P., and Simon Garden Realty Co. L.P.'s Defaults and Damages*

112. The Harrison-Simon Note and Harrison-Simon Mortgages are in default due to, and without waiving any other defaults that may have occurred, Borrower-Defendants

Harrison Court and Simon Garden's (i) continued failure to timely pay all amounts due under the Harrison-Simon Loan Documents by failing to make the required Monthly Debt Service Payments for April 2024, May 2024, June 2024, and July 2024, and (ii) failure to comply with financial reporting obligations.

113.    Without limitation, Borrower-Defendants Harrison Court and Simon Garden have failed to make each required Monthly Debt Service Payment since April 2024.  Each of Borrower-Defendants Harrison Court and Simon Garden's failures to make a required Monthly Debt Service Payments constitute a separate Event of Default under Section 14.01(a)(1) of the Harrison-Simon Loan Agreement:

> a.    On April 1, 2024, Borrower-Defendants Harrison Court and Simon Garden failed to make the scheduled April 2024 Monthly Debt Service Payment of $35,258.66 by the Payment Date, as required under the Harrison-Simon Loan Documents.  *See* Harrison-Simon Loan Agreement, § 2.02(a)(3); Schedule 2, p. 5.

> b.    On May 1, 2024, Borrower-Defendants Harrison Court and Simon Garden failed to make the scheduled May 2024 Monthly Debt Service Payment of $35,258.66 by the Payment Date, as required under the Harrison-Simon Loan Documents.  *See id.*

> c.    On June 1, 2024, Borrower-Defendants Harrison Court and Simon Garden failed to make the scheduled June 2024 Monthly Debt Service Payment of $35,258.66 by the Payment Date, as required under the Harrison-Simon Loan Documents.  *See id.*

> d.    On July 1, 2024, Borrower-Defendants Harrison Court and Simon Garden failed to make the scheduled July 2024 Monthly Debt Service Payment of $35,258.66 by the Payment Date, as required under the Harrison-Simon Loan Documents.  *See id.*

114.    Additionally, Borrower-Defendants Harrison Court and Simon Garden have failed to comply with its financial reporting obligations set forth in Section 8.02 of the Harrison-Simon Loan Agreement.

115.    As of August 1, 2024, there is due and owing on the Harrison-Simon Loan without defense, deduction, offset, recoupment, or counterclaim the total amount of $7,482,638.76,

consisting of (i) the unpaid principal amount under the Harrison-Simon Note of $7,367,912.18, and (ii) the aggregate accrued, and unpaid interest under the Harrison-Simon Note of $114,726.58. Interest continues to accrue at the *per diem* rate of $818.66, and pursuant to the Harrison-Simon Loan Documents, fees, costs, expenses, and other charges continue to accrue, which are part of Plaintiff's total damages claim under the Harrison-Simon Loan Documents.

> *(ii)     Borrower-Defendant Fern Rock's Defaults and Damages*

116.    The Fern Rock Note and Fern Rock Mortgage are in default due to, and without waiving any other defaults that may have occurred, Borrower-Defendant Fern Rock's (i) continued failure to timely pay all amounts due under the Fern Rock Loan Documents by failing to make the required Monthly Debt Service Payments for February 2024, March 2024, April 2024, May 2024, June 2024, and July 2024, and (ii) failure to comply with financial reporting obligations.

117.    Without limitation, Borrower-Defendant Fern Rock has failed to make each required Monthly Debt Service Payment since February 2024.  Each of Borrower-Defendant Fern Rock's failures to make a required Monthly Debt Service Payments constitute a separate Event of Default under Section 14.01(a)(1) of the Fern Rock Loan Agreement:

> a.      On February 1, 2024, Borrower-Defendant Fern Rock failed to make the scheduled February 2024 Monthly Debt Service Payment of $29,139.85 by the Payment Date, as required under the Fern Rock Loan Documents.  *See* Fern Rock Loan Agreement, § 2.02(a)(3); Schedule 2, p. 5.

> b.      On March 1, 2024, Borrower-Defendant Fern Rock failed to make the scheduled March 2024 Monthly Debt Service Payment of $27,259.86 by the Payment Date, as required under the Fern Rock Loan Documents.  *See id.*

> c.      On April 1, 2024, Borrower-Defendant Fern Rock failed to make the scheduled April 2024 Monthly Debt Service Payment of $29,139.85 by the Payment Date, as required under the Fern Rock Loan Documents.  *See id.*

> d.      On May 1, 2024, Borrower-Defendant Fern Rock

failed to make the scheduled May 2024 Monthly Debt Service Payment of $28,199.85 by the Payment Date, as required under the Fern Rock Loan Documents.  *See id.*

      e.      On June 1, 2024, Borrower-Defendant Fern Rock failed to make the scheduled June 2024 Monthly Debt Service Payment of $28,199.85 by the Payment Date, as required under the Fern Rock Loan Documents.  *See id.*

      f.      On July 1, 2024, Borrower-Defendant Fern Rock failed to make the scheduled July 2024 Monthly Debt Service Payment of $28,199.85 by the Payment Date, as required under the Fern Rock Loan Documents.  *See id.*

118.    Additionally, Borrower-Defendant Fern Rock has failed to comply with its financial reporting obligations set forth in Section 8.02 of the Fern Rock Loan Agreement.

119.    As of August 1, 2024, there is due and owing on the Fern Rock Loan without defense, deduction, offset, recoupment, or counterclaim the total amount of $6,942,158.93, consisting of (i) the unpaid principal amount under the Fern Rock Note of $6,741,000.00, and (ii) the aggregate accrued, and unpaid interest under the Fern Rock Note of $201,158.93.  Interest continues to accrue at the *per diem* rate of $749.00, and pursuant to the Fern Rock Loan Documents, fees, costs, expenses, and other charges continue to accrue, which are part of Plaintiff's total damages claim under the Fern Rock Loan Documents.

    *(iii)*    *Borrower-Defendant Stonehurst's Defaults and Damages*

120.    The Stonehurst Note and Stonehurst Mortgage are in default due to, and without waiving any other defaults that may have occurred, Borrower-Defendant Stonehurst's (i) continued failure to timely pay all amounts due under the Stonehurst Loan Documents by failing to make the required Monthly Debt Service Payments for February 2024, March 2024, April 2024, May 2024, June 2024, and July 2024, and (ii) failure to comply with financial reporting obligations.

121.     Without limitation, Borrower-Defendant Stonehurst has failed to make each required Monthly Debt Service Payment since February 2024.   Each of Borrower-Defendant Stonehurst's failures to make a required Monthly Debt Service Payments constitute a separate Event of Default under Section 14.01(a)(1) of the Stonehurst Loan Agreement:

> a.     On February 1, 2024, Borrower-Defendant Stonehurst failed to make the scheduled February 2024 Monthly Debt Service Payment of $26,719.09 by the Payment Date, as required under the Stonehurst Loan Documents.   *See* Stonehurst Loan Agreement, § 2.02(a)(3); Schedule 2, p. 5.

> b.     On March 1, 2024, Borrower-Defendant Stonehurst failed to make the scheduled March 2024 Monthly Debt Service Payment of $24,995.28 by the Payment Date, as required under the Stonehurst Loan Documents.   *See id.*

> c.     On April 1, 2024, Borrower-Defendant Stonehurst failed to make the scheduled April 2024 Monthly Debt Service Payment of $26,719.09 by the Payment Date, as required under the Stonehurst Loan Documents.   *See id*

> d.     On May 1, 2024, Borrower-Defendant Stonehurst failed to make the scheduled May 2024 Monthly Debt Service Payment of $25,857.18 by the Payment Date, as required under the Stonehurst Loan Documents.   *See id.*

> e.     On June 1, 2024, Borrower-Defendant Stonehurst failed to make the scheduled June 2024 Monthly Debt Service Payment of $25,857.18 by the Payment Date, as required under the Stonehurst Loan Documents.   *See id.*

> f.     On July 1, 2024, Borrower-Defendant Stonehurst failed to make the scheduled July 2024 Monthly Debt Service Payment of $25,857.18 by the Payment Date, as required under the Stonehurst Loan Documents.   *See id.*

122.     Additionally, Borrower-Defendant Stonehurst has failed to comply with its financial reporting obligations set forth in Section 8.02 of the Stonehurst Loan Agreement.

123.     As of August 1, 2024, there is due and owing on the Stonehurst Loan without defense, deduction, offset, recoupment, or counterclaim the total amount of $6,365,447.91, consisting of (i) the unpaid principal amount under the Stonehurst Note of $6,181,000.00, and (ii) the aggregate accrued, and unpaid interest under the Stonehurst Note of $184,447.91.   Interest

continues to accrue at the *per diem* rate of $686.78, and pursuant to the Stonehurst Loan Documents, fees, costs, expenses, and other charges continue to accrue, which are part of Plaintiff's total damages claim under the Stonehurst Loan Documents.

       *(iv)*    *Borrower-Defendant Marchwood's Defaults and Damages*

    124.    The Marchwood Note and Marchwood Mortgage are in default due to, and without waiving any other defaults that may have occurred, Borrower-Defendant Marchwood's (i) continued failure to timely pay all amounts due under the Marchwood Loan Documents by failing to make the required Monthly Debt Service Payments for February 2024, March 2024, April 2024, May 2024, June 2024, and July 2024, and (ii) failure to comply with financial reporting obligations.

    125.    Without limitation, Borrower-Defendant Marchwood has failed to make each required Monthly Debt Service Payment since February 2024. Each of Borrower-Defendant Marchwood's failures to make a required Monthly Debt Service Payments constitute a separate Event of Default under Section 14.01(a)(1) of the Marchwood Loan Agreement:

        a.    On February 1, 2024, Borrower-Defendant Marchwood failed to make the scheduled February 2024 Monthly Debt Service Payment of $69,237.60 by the Payment Date, as required under the Marchwood Loan Documents. *See* Marchwood Loan Agreement, § 2.02(a)(3); Schedule 2, p. 5.

        b.    On March 1, 2024, Borrower-Defendant Marchwood failed to make the scheduled March 2024 Monthly Debt Service Payment of $64,770.65 by the Payment Date, as required under the Marchwood Loan Documents. *See id.*

        c.    On April 1, 2024, Borrower-Defendant Marchwood failed to make the scheduled April 2024 Monthly Debt Service Payment of $69,237.60 by the Payment Date, as required under the Marchwood Loan Documents. *See id.*

        d.    On May 1, 2024, Borrower-Defendant Marchwood failed to make the scheduled May 2024 Monthly Debt Service Payment of $67,004.13 by the Payment Date, as required under the Marchwood Loan Documents. *See id.*

e. On June 1, 2024, Borrower-Defendant Marchwood failed to make the scheduled June 2024 Monthly Debt Service Payment of $67,004.13 by the Payment Date, as required under the Marchwood Loan Documents. *See id.*

f. On July 1, 2024, Borrower-Defendant Marchwood failed to make the scheduled July 2024 Monthly Debt Service Payment of $67,004.13 by the Payment Date, as required under the Marchwood Loan Documents. *See id.*

126. Additionally, Borrower-Defendant Marchwood has failed to comply with its financial reporting obligations set forth in Section 8.02 of the Marchwood Loan Agreement.

127. As of August 1, 2024, there is due and owing on the Marchwood Loan without defense, deduction, offset, recoupment, or counterclaim the total amount of $14,412,962.80, consisting of (i) the unpaid principal amount under the Marchwood Note of $13,935,000.00, and (ii) the aggregate accrued, and unpaid interest under the Marchwood Note of $477,962.76. Interest continues to accrue at the *per diem* rate of $1,548.33, and pursuant to the Marchwood Loan Documents, fees, costs, expenses, and other charges continue to accrue, which are part of Plaintiff's total damages claim under the Marchwood Loan Documents.

*(v) Borrower-Defendant Allen's Lane's Defaults and Damages*

128. The Allen's Lane Note and Allen's Lane Mortgage are in default due to, and without waiving any other defaults that may have occurred, Borrower-Defendant Allen's Lane (i) continued failure to timely pay all amounts due under the Allen's Lane Loan Documents by failing to make the required Monthly Debt Service Payments for May 2024, June 2024, and July 2024, and (ii) failure to comply with financial reporting obligations.

129. Without limitation, Borrower-Defendant Allen's Lane has failed to make each required Monthly Debt Service Payment since May 2024. Each of Borrower-Defendant Allen's Lane's failures to make a required Monthly Debt Service Payments constitute a separate Event of Default under Section 14.01(a)(1) of the Allen's Lane Loan Agreement:

> a. On July 1, 2024, Borrower-Defendant Allen's Lane failed to make the scheduled July 2024 Monthly Debt Service Payment of $24,575.79 by the Payment Date, as required under the Allen's Lane Loan Documents. *See* Allen's Lane Loan Agreement, § 2.02(a)(3); Schedule 2, p. 5.

130. Additionally, Borrower-Defendant Allen's Lane has failed to comply with its financial reporting obligations set forth in Section 8.02 of the Allen's Lane Loan Agreement.

131. As of August 1, 2024, there is due and owing on the Allen's Lane Loan without defense, deduction, offset, recoupment, or counterclaim the total amount of $9,604,959.08, consisting of (i) the unpaid principal amount under the Allen's Lane Note of $9,543,325.11, and (ii) the aggregate accrued, and unpaid interest under the Allen's Lane Note of $61,633.97. Interest continues to accrue at the *per diem* rate of $1,060.37, and pursuant to the Allen's Lane Loan Documents, fees, costs, expenses, and other charges continue to accrue, which are part of Plaintiff's total damages claim under the Allen's Lane Loan Documents.

### *(vi)* *Borrower-Defendant Oak Lane's Defaults and Damages*

132. The Oak Lane Note and Oak Lane Mortgage are in default due to, and without waiving any other defaults that may have occurred, Borrower-Defendant Oak Lane's (i) continued failure to timely pay all amounts due under the Oak Lane Loan Documents by failing to make the required Monthly Debt Service Payments for May 2024, June 2024, and July 2024, and (ii) failure to comply with financial reporting obligations.

133. Without limitation, Borrower-Defendant Oak Lane has failed to make each required Monthly Debt Service Payment since May 2024. Each of Borrower-Defendant Oak Lane's failures to make a required Monthly Debt Service Payments constitute a separate Event of Default under Section 14.01(a)(1) of the Oak Lane Loan Agreement:

> a. On June 1, 2024, Borrower-Defendant Oak Lane failed to make the scheduled June 2024 Monthly Debt Service Payment of $33,252.89 by the Payment Date, as required under the Oak Lane Loan Documents. *See* Oak Lane Loan Agreement, §

2.02(a)(3); Schedule 2, p. 5.

b. On July 1, 2024, Borrower-Defendant Oak Lane failed to make the scheduled July 2024 Monthly Debt Service Payment of $33,252.89 by the Payment Date, as required under the Oak Lane Loan Documents. *See id.*

134. Additionally, Borrower-Defendant Oak Lane has failed to comply with its financial reporting obligations set forth in Section 8.02 of the Oak Lane Loan Agreement.

135. As of August 1, 2024, there is due and owing on the Oak Lane Loan without defense, deduction, offset, recoupment, or counterclaim the total amount of $6,990,207.57, consisting of (i) the unpaid principal amount under the Oak Lane Note of $6,925,088.65, and (ii) the aggregate accrued, and unpaid interest under the Oak Lane Note of $65,118.92. Interest continues to accrue at the *per diem* rate of $769.45, and pursuant to the Oak Lane Loan Documents, fees, costs, expenses, and other charges continue to accrue, which are part of Plaintiff's total damages claim under the Oak Lane Loan Documents.

(vii) *Borrower-Defendant Greene Tree's Defaults and Damages*

136. The Greene Tree Note and Greene Tree Mortgage are in default due to, and without waiving any other defaults that may have occurred, Borrower-Defendant Greene Tree's (i) continued failure to timely pay all amounts due under the Greene Tree Loan Documents by failing to make the required Monthly Debt Service Payments for May 2024, June 2024, and July 2024, and (ii) failure to comply with financial reporting obligations.

137. Without limitation, Borrower-Defendant Greene Tree has failed to make each required Monthly Debt Service Payment since May 2024. Each of Borrower-Defendant Greene Tree's failures to make a required Monthly Debt Service Payments constitute a separate Event of Default under Section 14.01(a)(1) of the Greene Tree Loan Agreement:

a. On June 1, 2024, Borrower-Defendant Greene Tree failed to make the scheduled June 2024 Monthly Debt Service Payment of $37,210.47 by the Payment Date, as required under the

Greene Tree Loan Documents. *See* Greene Tree Loan Agreement, § 2.02(a)(3); Schedule 2, p. 5.

b. On July 1, 2024, Borrower-Defendant Greene Tree failed to make the scheduled July 2024 Monthly Debt Service Payment of $36,010.13 by the Payment Date, as required under the Greene Tree Loan Documents. *See id.*

138. Additionally, Borrower-Defendant Greene Tree has failed to comply with its financial reporting obligations set forth in Section 8.02 of the Greene Tree Loan Agreement.

139. As of August 1, 2024, there is due and owing on the Greene Tree Loan without defense, deduction, offset, recoupment, or counterclaim the total amount of $8,719,631.41, consisting of (i) the unpaid principal amount under the Greene Tree Note of $8,608,000.00, and (ii) the aggregate accrued, and unpaid interest under the Greene Tree Note of $111,631.41. Interest continues to accrue at the *per diem* rate of $956.44, and pursuant to the Greene Tree Loan Documents, fees, costs, expenses, and other charges continue to accrue, which are part of Plaintiff's total damages claim under the Greene Tree Loan Documents.

**D.      Demands for Payment of Loan**

140. By letter dated April 11, 2024, Original Lender, who is now the "Servicer" of the Harrison-Simon Loan, notified Borrower-Defendant Harrison Court that the certain required Harrison-Simon Mortgage Loan payments had not been made.

141. On May 1, 2024, Original Lender, as Servicer, issued a Notice of Monetary Event of Default to Borrower-Defendant Harrison Court regarding, among other things, Borrower-Defendants Harrison Court and Simon Garden's failure to make the required Harrison-Simon Monthly Debt Service Payments, and notifying Bo Borrower-Defendant Harrison Court of the resulting Event of Default under the Harrison-Simon Loan Documents. A true and correct copy of the Harrison-Simon Notice of Monetary Event of Default is attached hereto as **Exhibit 59** and incorporated by reference herein.

142.     By notice dated May 17, 2024 (the "Harrison-Simon Notice of Demand"), Plaintiff notified Borrower-Defendants Harrison Court and Simon Garden that an Event of Default had occurred.  Plaintiff also accelerated all outstanding principal due under the Harrison-Simon Loan Documents and demanded in full the payment of all then accelerated principal plus accrued and unpaid interest and Plaintiff's fees and costs, including attorney's fees.  Plaintiff reserved all rights and remedies available to it under the Harrison-Simon Loan Documents, at law, or in equity. A true and correct copy of the Harrison-Simon Notice of Demand is attached hereto as **Exhibit 60** and incorporated by reference herein.

143.     By letter dated February 15, 2024, Original Lender, who is now the "Servicer" of the Fern Rock Loan, notified Borrower-Defendant Fern Rock that the certain required Fern Rock Mortgage Loan payments had not been made.

144.     On March 4, 2024, Original Lender, as Servicer, issued a Notice of Monetary Event of Default to Borrower-Defendant Fern Rock regarding, among other things, Borrower-Defendant Fern Rock's failure to make the required Fern Rock Monthly Debt Service Payments, and notifying Borrower-Defendant Fern Rock of the resulting Event of Default under the Fern Rock Loan Documents.  A true and correct copy of the Fern Rock Notice of Monetary Event of Default is attached hereto as **Exhibit 61** and incorporated by reference herein.

145.     By notice dated May 17, 2024 (the "Fern Rock Notice of Demand"), Plaintiff notified Borrower-Defendant Fern Rock that an Event of Default had occurred.  Plaintiff also accelerated all outstanding principal due under the Fern Rock Loan Documents and demanded in full the payment of all then accelerated principal plus accrued and unpaid interest and Plaintiff's fees and costs, including attorney's fees.  Plaintiff reserved all rights and remedies available to it under the Fern Rock Loan Documents, at law, or in equity.  A true and correct copy of the Fern

Rock Notice of Demand is attached hereto as **Exhibit 62** and incorporated by reference herein.

146.    By letter dated February 15, 2024, Original Lender, who is now the "Servicer" of the Stonehurst Loan, notified Borrower-Defendant Stonehurst that the certain required Stonehurst Mortgage Loan payments had not been made.

147.    On March 4, 2024, Original Lender, as Servicer, issued a Notice of Monetary Event of Default to Borrower-Defendant Stonehurst regarding, among other things, Borrower-Defendant Stonehurst's failure to make the required Stonehurst Monthly Debt Service Payments, and notifying Borrower-Defendant Stonehurst of the resulting Event of Default under the Stonehurst Loan Documents.  A true and correct copy of the Stonehurst Notice of Monetary Event of Default is attached hereto as **Exhibit 63** and incorporated by reference herein.

148.    By notice dated May 17, 2024 (the "Stonehurst Notice of Demand"), Plaintiff notified Borrower-Defendant Stonehurst that an Event of Default had occurred.  Plaintiff also accelerated all outstanding principal due under the Stonehurst Loan Documents and demanded in full the payment of all then accelerated principal plus accrued and unpaid interest and Plaintiff's fees and costs, including attorney's fees.  Plaintiff reserved all rights and remedies available to it under the Stonehurst Loan Documents, at law, or in equity.   A true and correct copy of the Stonehurst Notice of Demand is attached hereto as **Exhibit 64** and incorporated by reference herein.

149.    By letter dated February 15, 2024, Original Lender, who is now the "Servicer" of the Marchwood Loan, notified Borrower-Defendant Marchwood that the certain required Marchwood Mortgage Loan payments had not been made.

150.    On March 4, 2024, Original Lender, as Servicer, issued a Notice of Monetary Event of Default to Borrower-Defendant Marchwood regarding, among other things,

Borrower-Defendant Marchwood's failure to make the required Marchwood Monthly Debt Service Payments, and notifying Borrower-Defendant Marchwood of the resulting Event of Default under the Marchwood Loan Documents. A true and correct copy of the Marchwood Notice of Monetary Event of Default is attached hereto as **Exhibit 65** and incorporated by reference herein.

151. By notice dated May 17, 2024 (the "Marchwood Notice of Demand"), Plaintiff notified Borrower-Defendant Marchwood that the Events of Default had occurred. Plaintiff also accelerated all outstanding principal due under the Marchwood Loan Documents and demanded in full the payment of all then accelerated principal plus accrued and unpaid interest and Plaintiff's fees and costs, including attorney's fees. Plaintiff reserved all rights and remedies available to it under the Marchwood Loan Documents, at law, or in equity. A true and correct copy of the Marchwood Notice of Demand is attached hereto as **Exhibit 66** and incorporated by reference herein.

152. By notice dated July 22, 2024 (the "Allen's Lane Notice of Demand"), Plaintiff notified Borrower-Defendant Allen's Lane that the Events of Default had occurred. Plaintiff also accelerated all outstanding principal due under the Allen's Lane Loan Documents and demanded in full the payment of all then accelerated principal plus accrued and unpaid interest and Plaintiff's fees and costs, including attorney's fees. Plaintiff reserved all rights and remedies available to it under the Allen's Lane Loan Documents, at law, or in equity. A true and correct copy of the Allen's Lane Notice of Demand is attached hereto as **Exhibit 67** and incorporated by reference herein.

153. By notice dated July 22, 2024 (the "Oak Lane Notice of Demand"), Plaintiff notified Borrower-Defendant Oak Lane that the Events of Default had occurred. Plaintiff also

accelerated all outstanding principal due under the Oak Lane Loan Documents and demanded in full the payment of all then accelerated principal plus accrued and unpaid interest and Plaintiff's fees and costs, including attorney's fees. Plaintiff reserved all rights and remedies available to it under the Oak Lane Loan Documents, at law, or in equity. A true and correct copy of the Oak Lane Notice of Demand is attached hereto as **Exhibit 68** and incorporated by reference herein.

154. By notice dated July 22, 2024 (the "<u>Greene Tree Notice of Demand</u>"), Plaintiff notified Borrower-Defendant Greene Tree that the Events of Default had occurred. Plaintiff also accelerated all outstanding principal due under the Greene Tree Loan Documents and demanded in full the payment of all then accelerated principal plus accrued and unpaid interest and Plaintiff's fees and costs, including attorney's fees. Plaintiff reserved all rights and remedies available to it under the Greene Tree Loan Documents, at law, or in equity. A true and correct copy of the Greene Tree Notice of Demand is attached hereto as **Exhibit 69** and incorporated by reference herein.

**E.      Remedies and Damages**

155. As a result of Plaintiff's acceleration of the outstanding principal balance due under the Notes, the entire unpaid balance of the principal, interest, and all other sums under the Loan Documents are immediately due and payable. As a consequence of these above-stated breaches of the Loan Documents, the entire indebtedness (the "<u>Indebtedness</u>") owed by the Borrower-Defendants and the Guarantor under the Notes and Guaranties are due.

156. Plaintiff has performed all of the conditions and statutory requirements precedent to the commencement of this action.

157. Act 6, 41 P.S. § 101 *et seq*., does not apply to the Mortgages because the original principal amount of the indebtedness secured by each of the Mortgages is greater than $50,000.00.

158.    Act 91, 35 P.S. § 1680.401 *et seq*., does not apply to the Mortgages because none of the Real Properties covered by the Mortgages are the primary residence of the mortgagors.

159.    Notwithstanding the Notices of Default, Borrower-Defendants have failed to pay in full the amounts owed at maturity or otherwise cure the ongoing Events of Default.

160.    Plaintiff brings this action in mortgage foreclosure without prejudice or waiver of any other rights or remedies existing under the Loan Documents, or any other agreements, or which may be available at law or in equity.

161.    As of August 1, 2024, there is due and owing collectively on the Loan without defense, deduction, offset, recoupment, or counterclaim the total amount of $60,518,006.42, consisting of (i) the aggregate unpaid principal amount under the Notes of $59,301,325.94, and (ii) the aggregate accrued, and unpaid interest under the Notes of $1,216,680.48.  Interest continues to accrue, and pursuant to the Loan Documents, fees, costs, expenses, and other charges continue to accrue, which are part of Plaintiff's total damages claim under the Loan Documents.

## COUNT ONE – MORTGAGE FORECLOSURE

162.    Paragraphs 1 through 161 of this Complaint are incorporated herein by reference.

163.    Borrower-Defendants executed the Notes, which are secured by the Mortgages, in favor of Plaintiff.

164.    Borrower-Defendants have defaulted on their obligations under the Notes, the Mortgages, the Loan Agreements, and the other Loan Documents.

165.    Plaintiff is authorized by the Mortgages and by Pennsylvania law to foreclose the Mortgages in the event of a default by Borrower-Defendants.

166.    There is due and owing on the Loans the sum of $60,518,006.42, together with accruing default interest, fees, costs, expenses, and other charges under the Loan Documents.

WHEREFORE, Fannie Mae respectfully requests that this Honorable Court (i) enter judgment in favor of Plaintiff and against Borrower-Defendants for the full unpaid principal in the amount of $59,301,325.94 and the unpaid interest in the amount of $1,216,680.48, which continues to accrue in the *per diem* amount of $6,589.04, plus its attorneys' fees and costs and interest accruing thereon at the Default Rate; (ii) enter judgment *in rem* for foreclosure and sale of the Mortgaged Properties which are the subject of the Mortgages; and (iii) grant such other and further relief to which Plaintiff may be entitled.

[*Remainder of this page intentionally left blank*]

Dated:  September 6, 2024               Respectfully submitted,

REED SMITH LLP

By:    */s/ Victoria A. Russell*
Victoria A. Russell
1717 Arch Street, Suite 3100
Philadelphia, PA 19103
Telephone:  (215) 851-8100
Email:  vrussell@reedsmith.com

- and -

Jared S. Roach (*pro hac vice* to be filed)
225 Fifth Avenue, Suite 1200
Pittsburgh, PA  15222
Telephone:  (412) 288-3131
Email:  jroach@reedsmith.com

*Attorneys for Fannie Mae*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **FANNIE MAE**, | CIVIL ACTION |
| Plaintiff, | Case No.: ____ |
| v. | |
| **HARRISON COURT REALTY CO., L.P., SIMON GARDEN REALTY CO L.P., FERN ROCK REALTY CO., L.P., STONEHURST REALTY CO., L.P., MARCHWOOD REALTY CO., L.P., ALLEN'S LANE REALTY CO., L.P., OAK LANE COURT REALTY CO., L.P., and GREENE TREE REALTY CO., L.P.** | |
| Defendants. | |

**APPENDIX TO PLAINTIFF FANNIE MAE'S
COMPLAINT IN MORTGAGE FORECLOSURE**

Plaintiff Fannie Mae ("Plaintiff"), through its undersigned counsel, hereby submits

this Appendix to the *Complaint in Mortgage Foreclosure*, filed contemporaneously herewith.  This

Appendix includes true and correct copies of the declarations and record evidence relied upon in

support of *Complaint in Mortgage Foreclosure*, also filed contemporaneously herewith.

| Exhibit | Description |
|---|---|
| | **The Mortgages, Loan Documents, and Loan Assignments to Plaintiff** |
| | *Harrison Court Realty Co., L.P., and Simon Garden Realty Co L.P.* |
| 1 | Harrison-Simon Loan Agreement |
| 2 | Harrison-Simon Note |
| 3 | Harrison Mortgage |
| 4 | Simon Mortgage |
| 5 | Harrison-Simon Guaranty |
| 6 | Harrison-Simon Financing Statement |

| | |
|---|---|
| 7 | Harrison-Simon Mortgage Assignment |
| 8 | Harrison-Simon Loan Documents Assignment |
| 9 | Harrison Mortgaged Property Description |
| 10 | Simon Mortgaged Property Description |
| | *Fern Rock Realty Co., L.P.* |
| 11 | Fern Rock Loan Agreement |
| 12 | Fern Rock Note |
| 13 | Fern Rock Mortgage |
| 14 | Fern Rock Guaranty |
| 15 | Fern Rock Financing Statement |
| 16 | Fern Rock Mortgage Assignment |
| 17 | Fern Rock Loan Document Assignment |
| 18 | Fern Rock Mortgaged Property Description |
| | *Stonehurst Realty Co., L.P.* |
| 19 | Stonehurst Loan Agreement |
| 20 | Stonehurst Note |
| 21 | Stonehurst Mortgage |
| 22 | Stonehurst Guaranty |
| 23 | Stonehurst Financing Statement |
| 24 | Stonehurst Mortgage Assignment |
| 25 | Stonehurst Loan Document Assignment |
| 26 | Stonehurst Mortgaged Property Description |
| | *Marchwood Realty Co., L.P.* |
| 27 | Marchwood Loan Agreement |
| 28 | Marchwood Note |
| 29 | Marchwood Mortgage |
| 30 | Marchwood Guaranty |
| 31 | Marchwood Financing Statement |
| 32 | Marchwood Mortgage Assignment |
| 33 | Marchwood Loan Document Assignment |
| 34 | Marchwood Mortgaged Property Description |

| | *Allen's Lane Realty Co., L.P.* |
|----|-------------------------------------------------|
| 35 | Allen's Lane Loan Agreement |
| 36 | Allen's Lane Note |
| 37 | Allen's Lane Mortgage |
| 38 | Allen's Lane Guaranty |
| 39 | Allen's Lane Financing Statement |
| 40 | Allen's Lane Mortgage Assignment |
| 41 | Allen's Lane Loan Document Assignment |
| 42 | Allen's Lane Mortgaged Property Description |
| | *Oak Lane Court Realty Co., L.P.* |
| 43 | Oak Lane Loan Agreement |
| 44 | Oak Lane Note |
| 45 | Oak Lane Mortgage |
| 46 | Oak Lane Guaranty |
| 47 | Oak Lane Financing Statement |
| 48 | Oak Lane Mortgage Assignment |
| 49 | Oak Lane Loan Document Assignment |
| 50 | Oak Lane Mortgaged Property Description |
| | *Greene Tree Realty Co., L.P.* |
| 51 | Greene Tree Loan Agreement |
| 52 | Greene Tree Note |
| 53 | Greene Tree Mortgage |
| 54 | Greene Tree Guaranty |
| 55 | Greene Tree Financing Statement |
| 56 | Greene Tree Mortgage Assignment |
| 57 | Greene Tree Loan Document Assignment |
| 58 | Greene Tree Mortgaged Property Description |
| **Demands for Payment of Loan** | |
| 59 | Harrison-Simon Notice of Monetary Event of Default |
| 60 | Harrison-Simon Notice of Demand |
| 61 | Fern Rock Notice of Monetary Event of Default |

| 62 | Fern Rock Notice of Demand |
| --- | --- |
| 63 | Stonehurst Notice of Monetary Event of Default |
| 64 | Stonehurst Notice of Demand |
| 65 | Marchwood Notice of Monetary Event of Default |
| 66 | Marchwood Notice of Demand |
| 67 | Allen's Lane Notice of Demand |
| 68 | Oak Lane Notice of Demand |
| 69 | Greene Tree Notice of Demand |