## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FANNIE MAE** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION NO. 24-4722** |
| **HARRISON COURT REALTY CO., L.P.,** *et al.* | |
| **Defendants.** | |

## <u>ORDER</u>

**AND NOW,** this 18th day of October 2024, upon consideration of Plaintiff's Motion for the Expedited Appointment of a Receiver [Doc. No. 7], and responses thereto, it is hereby

**ORDERED** that:

1. Plaintiff's Motion is **GRANTED**.[1]

---

[1] A district court is given "broad discretion in appointing a receiver." *Wilmington Tr. N.A. v. Pavilion Apts. PENN LLC*, No. 22-3985, 2023 WL 187568, at *3 (E.D. Pa. Jan. 13, 2023). Courts consider six factors when determining whether a receiver is an appropriate remedy:

> [(1) whether] the property is inadequate security for the loan; [(2) whether] the mortgage contract contains a clause granting the mortgagee the right to a receiver; [(3)] the continued default of the mortgagor; [(4)] the probability that foreclosure will be delayed in the future; [(5)] unstable financial status of the mortgagor; and [(6)] the misuse of project funds by the mortgagor.

*Wells Fargo Bank, N.A. v CCC Atlantic, LLC*, 905 F. Supp. 2d 604, 614 (D.N.J. 2012) (citing *United States v. Berk & Berk*, 767 F. Supp. 593, 597 (D.N.J. 1991)) (original modifications omitted). The Court may use the factors less stringently where a loan agreement expressly allows for the lender to apply for receiver should a default occur. *Wilmington Tr., Nat'l Ass'n v. 1800 16th St., LLC*, No. 19-2601, 2020 WL 703653, at *2 (E.D. Pa. Feb. 11, 2020).

Plaintiff holds commercial mortgages secured by real property located in Upper Darby and Philadelphia, all of which are in payment default. Compl. [Doc. No. 1] at ¶¶ 1–2. Failing to make payments is considered an automatic event of default. Mem. Supp. Mot. Expedited Appoint. Receiver [Doc. No. 7-1] at 14. Under the loan agreements for all properties, Plaintiff possesses "an unqualified right to the appointment of a receiver" for the properties in the event of default. Mem. Supp. Expedited Mot. Appoint. Receiver [Doc. No. 7-1] at 20.

2.      Trigild IVL is appointed receiver (the "Receiver") over all property in or upon which Plaintiff has a mortgage, lien, security interest, or assignment, including the Mortgaged Property owned by: (i) Harrison Court Realty Co., L.P. ("Borrower-Defendant Harrison Court") located at 385 Harrison Avenue Upper Darby, PA 19082; (ii) Simon Garden Realty Co L.P. ("Borrower-Defendant Simon Garden") located at 6731 Musgrave Street Philadelphia, PA 19119; (iii) Fern Rock Realty Co., L.P. ("Borrower-Defendant Fern Rock") located at 900 W Godfrey Ave, Philadelphia, Pennsylvania, 19141; (iv) Stonehurst Realty Co., L.P. ("Borrower-Defendant Stonehurst") located at 2 Copley Road, Upper Darby, Pennsylvania 19082; (v) Marchwood Realty Co., L.P. ("Borrower-Defendant Marchwood") located at 5515 Wissahickon Avenue, Philadelphia, PA 19144; (vi) Allen's Lane Realty Co., L.P. ("Borrower-Defendant Allen's Lane") located at 126 W. Allens Lane, Philadelphia, Pennsylvania 19119; (vii) Oak Lane Court Realty Co., L.P. ("Borrower-Defendant Oak Lane") located at 1623-1635 W. Chelten Avenue, Philadelphia, Pennsylvania 19126; and (viii) Greene Tree Realty Co., L.P. ("Borrower-Defendant Greene Tree") located at 330 W. Johnson Street, Philadelphia, Pennsylvania 19144 (together, the "Borrower-Defendants"), and all of the rents, incomes, revenues, and profits from the

---

Plaintiff additionally asserts that a receiver will prevent the properties from falling into disrepair and will assist with preparing the properties for sale and maximizing sale proceeds. Mem. Supp. Expedited Mot. Appoint. Receiver [Doc. No. 7-1] at 25–26.

Defendants have objected to the appointment of a receiver, largely citing non-precedential case law and asserting that Plaintiff's own foreclosure actions have diminished the fair market value of each property. Defs.' Mem. Supp. Opp'n Expedited Mot. Appoint. Receiver [Doc. No. 17-1] at 7. Defendants' arguments are unavailing in light of Plaintiff's express right to the appointment of a receiver pursuant to a contract Defendants are party to.

Considering Plaintiff's contractual right to the appointment of a receiver, the event of default on all properties, and the potential for the properties to fall into disrepair, the appointment of a receiver is appropriate.

Mortgaged Property. The Receiver shall have all the usual powers and duties of receivers in such cases including, without limitation, the power to apply all monies collected by the Receiver to the necessary preservation of the Mortgaged Property, or as this Court otherwise may direct. The Receiver is appointed solely for the benefit and protection of the rights and interests of Plaintiff, and all actions of the Receiver pursuant to this Order shall be for the benefit and protection of Plaintiff. Notwithstanding any of the provisions of this Order, nothing contained herein shall in any way limit, alter, or impair the rights and interests of Plaintiff in any part of the Mortgaged Property, including the income, revenues, and profits therefrom.

3.  **Receiver's Bond.** The Receiver shall post a bond or cash in the amount of One Thousand Dollars and Zero Cents ($1,000.00) within fifteen (15) days of the entry of this Order (the "Bond"). Any Bond shall be provided by a corporate surety, guarantying performance by the Receiver of the duties and obligations of its office of receivership, with the Bond providing coverage to Plaintiff and Defendant for loss due to the acts of the Receiver and its agents, servants, or employees. The Receiver shall be liable only for acts or omissions which constitute gross negligence or willful misconduct. The Receiver shall have no personal responsibility for any obligations of Defendant.

4.  **Receivership Estate.** Upon entry of this Order and subject to the rights and interests of Plaintiff, the Receiver is hereby directed and empowered to take from Defendant, its agents, employees, representatives, and all of their affiliates and subsidiaries who now have or may in the future have any interest in the Mortgaged Property, immediate, complete, and exclusive possession and control of the Mortgaged Property, wherever located, including all payments, rents, incomes, revenues, and profits arising from the Mortgaged Property, all

accounts, books, records, keys, equipment, and such other personalty which may be found on or off the Mortgaged Property which relate to the operation of the Mortgaged Property and which are subject to the mortgage, liens, or security interests of Plaintiff, hereinafter referred to as the "Receivership Estate."

5.    **Accounting by Defendant.**  Within thirty (30) days from the date hereof, or within such additional time as reasonably may be required, Defendant shall prepare and file with the Court and serve on all parties hereto a bring-down for the most recent certified financial statement submitted to Plaintiff and a detailed accounting of all income, expenses, receivables, and payables relating to the Mortgaged Property from the date of the most recent audited financial statement to the present.

6.    **Operation of the Receivership Estate.**  Subject to the rights and interests of Plaintiff, the Receiver is appointed to take charge of and to use, manage, operate, and protect the Receivership Estate, and is granted all the rights, duties, powers, authority, and responsibility of a court-appointed receiver, including those reasonably necessary to accomplish the purpose of this receivership.

   a.   Possession of the Receivership Estate.  The Receiver is authorized and directed to enter upon, take possession of, and assume exclusive control of the Receivership Estate, wherever located, including but not limited to:  the Mortgaged Property; all inventory, equipment, and improvements at the Mortgaged Property; and, all books, records, and personal property relating to the Receivership Estate. The Receiver also is authorized to demand, receive, collect, take possession of, and preserve all accounts related to the Receivership Estate and to exercise any and all intangible rights.  The Receiver shall collect from Defendant or others all sums now due and unpaid or which hereafter shall become due during the pendency of this action arising out of or related to the Mortgaged Property.

   b.   Exclusion of Defendant.  The Receiver is authorized to exclude Defendant, its agents, management companies, employees, representatives, affiliates, and subsidiaries from possessing or operating the Mortgaged Property, except as expressly provided for in this Order or as may be expressly agreed by Plaintiff in writing, and it may change any and all locks on the Mortgaged Property.

c.  <u>Exercise Ownership Rights</u>.  The Receiver is authorized to exercise all rights as to ownership of the Mortgaged Property subject to the limitations herein set forth. The Receiver shall assume and exercise exclusively the powers and prerogatives of the board of directors, shareholders, and management of Defendant with respect to the Mortgaged Property.

d.  <u>Authority to Contract</u>.  The Receiver may make, cancel, enforce, or modify contracts, leases, or licenses relating to any part of the Mortgaged Property. The Receiver shall not be bound by any contract between Defendant and any third party that the Receiver does not expressly assume in writing related to the Mortgaged Property.  It also may rent, lease, or license from time to time any part of the Mortgaged Property as may be deemed appropriate, and to remove any tenant, lessee, or other person or entity for cause.

e.  <u>Collection of Revenues</u>.  The Receiver shall demand, collect, and receive any and all rents, sub-rents, lease and sublease payments, fees, debts, or other proceeds, profits, or income of any type or nature and however denominated that arise from the use or operation of the Mortgaged Property or are generated from the Receivership Estate (collectively, the "<u>Revenues</u>"), including any Revenues: (i) received or collected by Defendant on or after entry of this Order, (ii) due currently, (iii) hereafter coming due, or (iv) due prior to the date of this Order, but only to the extent such rents have been withheld by any tenant and not paid to Defendant. The Receiver is authorized to contact employees, tenants, subtenants, lessees, sub-lessees, lessors, account debtors, and/or any other parties to contracts or otherwise regarding the Receivership Estate and to receive, collect, and preserve from them all Revenues and other sums due the Mortgaged Property or Defendant (as related to the operation of the Mortgaged Property).

f.  <u>Employment of Agents</u>.  The Receiver may appoint, employ, and retain agents, employees, independent accountants, brokers, property management specialists, auctioneers, legal counsel, and other similar professionals or personnel, any of which may be affiliates of the Receiver, that are necessary to take charge of, repair, operate, maintain, and to the extent necessary, liquidate, the Receivership Estate or to assist the Receiver in the performance of its duties pursuant to this appointment.  The Receiver shall have the right to direct and supervise the activities of all professionals and personnel so retained and may pay reasonable value for those services from the revenues or proceeds of the Mortgaged Property, provided that any professional management company or broker retained by the Receiver shall be engaged on terms which are reasonably satisfactory to Plaintiff.  The Receiver is further authorized to discharge and terminate any such persons or entities currently in place or retained by it after the date of this Order.  This Court reserves the right to determine hereafter the fair and reasonable compensation for all such persons retained by the Receiver, if any.

g.  <u>Preservation of the Receivership Estate</u>.  The Receiver shall care for, conserve, protect, preserve, improve, and maintain the Receivership Estate, and incur expenses which, in the Receiver's judgment and subject to the payment limitations provided in paragraph 7 below, are necessary or proper to continue, operate, maintain, and preserve the Receivership Estate including, but not limited to, incurring expenses relating to security for the Mortgaged Property; providing pest control; obtaining estimates and reports and making repairs in conformity therewith; providing water, garbage collection, and utilities; and purchasing merchandise, materials, and supplies and services at the ordinary and usual rate and prices for such items out of the funds of the Receivership Estate.

h.  <u>Payment of Necessary Expenses</u>.  Subject to the payment limitations provided in paragraph 7 below, the Receiver is authorized and instructed to pay from the revenues of the Mortgaged Property the ordinary and necessary expenses of operating, preserving, and maintaining the Mortgaged Property incurred from and after the date of the Receiver's appointment and said other reasonable expenses necessary to maintain the Mortgaged Property, including any property taxes, assessments, payments in lieu of taxes, and/or utility charges.  The Receiver shall also have the power and authority, subject to the approval of Plaintiff, to pay expenses incurred or related to the Mortgaged Property which were incurred prior to the appointment of the Receiver.

i.  <u>Establish Accounts for Receivership Estate</u>.  The Receiver shall deposit all Revenues generated by the Mortgaged Property in a segregated interest- bearing account at a financial institution approved by Plaintiff.

j.  <u>Budget</u>.  The Receiver shall prepare a monthly operating budget for the Mortgaged Property which shall be submitted to Plaintiff for its approval in its sole discretion.  The initial budget shall be submitted within thirty (30) days of this Order.  At Plaintiff's request, the Receiver shall also produce an annual budget. The budget, once approved by Plaintiff, shall be deemed the "<u>Budget</u>" for all purposes herein.

k.  <u>Limited Borrowing Capacity</u>.  The Receiver shall have the right, but not the obligation, to borrow funds from Plaintiff (to the extent Revenues generated by the Mortgaged Property are insufficient) in order to meet the Mortgaged Property's working capital needs, but only in such amounts and to the extent permitted under the Loan Documents and on such terms and conditions agreeable to Plaintiff and with Plaintiff's prior written consent.  Repayment of any such loans shall be secured by all of the mortgages, liens, security interests, and assignments upon the Mortgaged Property previously granted, transferred, or otherwise conveyed by Defendant to Plaintiff, and any such loans shall be treated as secured debt of Defendant that is senior to all other secured debt of Defendant.  Plaintiff shall have no obligation to make any loans or credit accommodations to the Receiver.

l.  <u>Actions to Preserve the Estate</u>.  The Receiver is authorized to institute, prosecute, defend, compromise, intervene in, and settle such suits, actions, and proceedings as the Receiver deems necessary in its reasonable judgment, relating to the protection, maintenance, operation, enhancement, or preservation of the Receivership Estate, or the performance of its obligations under this Order (including but not limited to, the institution of actions to collect rents, evict tenants, and recover rents or portions of the Mortgaged Property), and to employ counsel as may be necessary for such proceedings, and to pay the reasonable value of services rendered out of funds of the Receivership Estate; and thereafter to report to the Court at reasonable intervals upon such proceedings.  The Receiver is also authorized to challenge the validity, enforcement, and amount of any taxes accruing on the Mortgaged Property, including any assessment or claim of taxes due by Defendant or any third-party.

m.  <u>Insurance Coverage</u>.  The Receiver shall obtain or continue such insurance coverage for the Receivership Estate as it deems reasonably necessary, but in no event shall the Receiver maintain insurance in an amount less than that required under the Loan Documents.  Upon the expiration of the paid-up portion of any insurance policy, the Receiver shall have the responsibility for keeping the Mortgaged Property insured and may at its option keep in force the existing insurance coverage or obtain new coverage for the Mortgaged Property subject to the requirements herein.  The Receiver shall have itself named as an additional insured on all applicable policies for the period that it shall be in possession of the Receivership Estate.  The Receiver shall also insure the acts and conduct of the Receiver and those persons who it may employ to carry out the duties upon it.  The Receiver shall provide to the Court and Plaintiff proof that it has been insured and bonded for the purposes of performing all acts contemplated in this Order, and that proper insurance has been put on the Mortgaged Property within thirty (30) business days of the entry of this Order.  If consistent with existing law, the Receiver shall not be responsible for claims arising from the lack of procurement or inability to obtain insurance, provided the Receiver exercises reasonable diligence to obtain insurance for the Mortgaged Property.  No insurance company may cancel its existing current-paid policy as a result of the appointment of the Receiver, without prior order of this Court.

n.  <u>Maintain Compliance with Applicable Laws</u>.  The Receiver shall take all such actions and expend all such sums as may be necessary to obtain, maintain in effect, or transfer all licenses, insurance, zoning approvals, and other approvals necessary or required to maintain or operate Mortgaged Property.

o.  <u>Plan to Maximize Revenues and Sell Mortgaged Property</u>.  The Receiver is empowered to explore all available options for increasing the revenues created by the Mortgaged Property, and to explore all available options for the sale of the Mortgaged Property, by any reasonable means that will, within the Receiver's business judgment, maximize the realization from the sale of the Mortgaged Property.  Subject to Plaintiff's prior written approval, the Receiver will file a

report making recommendations to the Court with regard to the use and/or marketing and disposition of the Mortgaged Property.  The Receiver, upon its own initiative or at the direction of Plaintiff, and with or without the assistance of a broker, may market and sell all or any part of the Mortgaged Property either pursuant to the rights granted under the Loan Documents or as otherwise provided at law or equity.  With respect to any possible sale of the Mortgaged Property, the Receiver shall not enter into any contract for sale unless the Receiver is requested to do so in writing by Plaintiff and the sale is subject to confirmation by the Court on regular notice to the parties to this case.  Notwithstanding the foregoing, nothing contained in this paragraph or this Order shall alter, modify, subordinate, or impair any existing rights, interests, or remedies of Plaintiff, including but not limited to Plaintiff's rights under the Loan Documents.

p.  <u>Make Payments Pursuant to the Loan Documents</u>.  The Receiver may pay amounts which are owed to Plaintiff pursuant to the Loan Documents as the Receiver receives Revenues sufficient to make such payments and pursuant to the priority provided in this Order.

q.  <u>Ancillary Powers of the Receiver</u>.  The Receiver is hereby authorized and directed to operate and manage the Mortgaged Property in the best interests of Plaintiff and to take all action deemed reasonable and necessary to ensure compliance with all applicable requirements imposed by local, state, or federal law, and regulations promulgated by the Commonwealth of Pennsylvania (or any corresponding federal agency or agencies).  The Receiver generally may do, execute, and perform any other act, deed, matter, or thing whatsoever that the Receiver reasonably deems ought to be done, executed, and performed in and about or with respect to the Mortgaged Property or the Revenues, or to implement the terms of this Order.

r.  <u>Access</u>.  The Receiver shall take possession of all keys and/or other means of gaining entry to the Mortgaged Property, and through any security system, in order to perform the Receiver's duties.  The Receiver may engage a locksmith for the purpose of gaining entry or access to the Mortgaged Property, through any security system, and into any offices or locked drawers, cabinets, safe deposit boxes, and the like, in order to obtain any documents or property to which the Receiver is entitled to under this Order.  The Receiver may either have the locks changed or create a key that will access the current lock(s).

7.  <u>Expenditures</u>.

a.  <u>Payment Priority</u>. The Receiver is required to pay only those expenses incurred by it or the Receivership Estate since the time of its appointment.  The Receiver shall apply all Revenues arising from or collected from the Receivership Estate, monthly or more often, to the following expenditures, in such order of priority as the Receiver shall determine:

    i.   FIRST, to the extent funds are not otherwise available from Defendant, to the necessary and reasonable costs of maintaining, managing, operating, and preserving the Receivership Estate as provided in the Budget approved by Plaintiff or the Court, including payments to the Receiver for protection of the Mortgaged Property, and the payment of all licenses, permits, and agreements that the Receiver shall deem necessary and in the best interest of preserving the Mortgaged Property and for the continued operation thereof, including the fees of the Receiver as set forth herein and any broker and/or management company hired by the Receiver, all in accordance with applicable local, state, and federal law and regulations;

    ii.   SECOND, to the reasonable out-of-pocket expenses of the Receiver, including all advances made by the Receiver, or to the repayment of any payments or advances made by Plaintiff, reasonably necessary to preserve or conserve the Mortgaged Property;

   iii.   THIRD, to the payment of the reasonable fees, expenses, and extraordinary fees and expenses of Plaintiff, including reasonable attorneys' fees and expenses, not otherwise paid or reimbursed to Plaintiff by Defendant, as provided under the Loan Documents;

   iv.   FOURTH, to the payment of the indebtedness payable by Defendant and secured by the Mortgage and other Loan Documents; and

    v.   FIFTH, to the funds to be held by the Receiver in federally insured, interest-bearing accounts pending further order of this Court.

b.   <u>Rights and Obligations of Plaintiff</u>.  The payments required in the Third and Fourth subparts of this paragraph 7 shall be made by the last day of each month commencing the first full month following entry of the this Order; <u>provided, however</u>, nothing in this paragraph shall require the Receiver to pay Plaintiff any amount if the funds the Receiver receives are not sufficient to cover all amounts specified in the First and Second subparts of this paragraph and sufficient funds as Receiver deems reasonable to cover one month of the expenses of the receivership in accordance with Budget or otherwise approved by Plaintiff.  Plaintiff shall have no obligation or liability, at law or equity, to any person for petitioning for the appointment of a receiver or in connection with a, or as a consequence of, the Receiver's actions or inactions in this case (including its failure to pay any supplier, vendor, or other creditor of the Mortgaged Property or of the Receivership Estate).  In the event revenues or proceeds of the Mortgaged Property are insufficient to pay the liabilities incurred by the Receiver (or any successor receiver, bankruptcy trustee, or otherwise), Plaintiff shall have no liability or other obligation to any such party for amounts which such party believes it is owed on account of the operation of this receivership.

c.   <u>Payment Limitations</u>.  Notwithstanding subparagraphs (a) and (b) above, the Receiver shall make no payment which exceeds $5,000 for any one item (excluding property taxes, emergency repairs, monthly or recurring operating

charges, or any expense included in the Budget previously approved by Plaintiff), or which exceeds more than ten (10%) percent of the amount budgeted for any particular line item on the Budget, without the consent of Plaintiff, or further order of this Court after notice to the parties and an opportunity for hearing.

8.    **Compensation of Receiver.** The Receiver's compensation for services under this Order, not including any fee of any broker, auctioneer, attorney, or accountant retained by the Receiver, shall be: (a) monthly fee of $3,000 per property (based on an hourly rate of $300.00) and any additional fees subject to Plaintiff's approval; (b) a monthly accounting fee of $750.00 per property; and (c) an in-house counsel hourly rate of $450.00. The Receiver and those employed by the Receiver shall furnish Plaintiff and other parties to this action with copies of their invoices for services rendered and expenses incurred on a monthly basis.  The payment of fees and expenses to the Receiver shall be on an interim basis, subject to final approval by this Court, and the Court retains jurisdiction to award a greater or lesser amount as the full, fair, and final value of such services.  When the Receiver files its final report and motion for discharge, the Receiver shall file with this Court a fee application for final approval of the fees and expenses paid to the Receiver during the pendency of the receivership.  Plaintiff's right to object to any fees and expenses as unreasonable is preserved.  To the extent that the funds received by the Receiver pursuant hereto are insufficient to pay the Receiver amounts incurred by the Receiver in accordance herewith, the Receiver shall have a charge against the Mortgaged Property, which charge shall have priority over all claims of any claimants or creditors of Defendant; provided, however, that any right, claim, or charge of the Receiver shall be co-extensive with and *pari pasu* with the rights and claims of Plaintiff for the payment of its fees and expenses, including Plaintiff's attorneys' fees (in accordance with the Loan Documents).

9.    **Reporting Requirements of the Receiver**.  The Receiver shall maintain an accounting and keep accurate records concerning the Receivership Estate from the date of entry of this Order.  Among the records to be kept are the actual revenues collected and expenses paid each month, and any other records which may be required by any law, or would be reasonable and prudent to keep under the circumstances.  Such records shall be made available, upon reasonable request and notice, to Plaintiff and Defendant, and shall be included in the quarterly reports made to this Court.  In addition, the Receiver shall also file the following reports with the Court:

    a.    <u>Inventory of Receivership Estate</u>.  The Receiver shall conduct an inspection of the Mortgaged Property and shall perform a complete inventory of the Mortgaged Property coming under its control or possession under this appointment.  Such inspection and inventory shall be conducted jointly and with the cooperation of Defendant and its designated agent or representative (to the extent the same are available).  Within thirty (30) days of this Order, the Receiver (joined by the agent or representative of Defendant, to the extent available), shall file under oath in the Department of Court Record's office a true and complete inventory of all property in its possession pursuant to this Order, and any other property which may subsequently come into its possession.  The Receiver shall also conduct periodic accounts thereafter.

    b.    <u>Quarterly Report</u>.  Commencing on the twenty-fifth (25th) day of the third full month following entry of this Order, and continuing on the twenty- fifth (25th) day of every third month thereafter during the pendency of the receivership, the Receiver shall file with this Court and serve on Plaintiff, Defendant, and the respective counsel in this case, report(s) concerning the operation and financial performance of the Mortgaged Property for the prior quarter, in such form and with such content as Plaintiff hereafter reasonably requires.  The quarterly reports shall include (a) a listing of significant events occurring during the relevant period as well as any actions taken by the Receiver during that time; (b) a statement of the receipts and expenditures since the last report; (c) the current accounts receivable and accounts payable related to the Mortgaged Property; (d) a statement of all cash held or invested by the Receiver and the manner in which it is secured or invested; (e) an inventory and account of any additional property or effects which it has discovered or which shall have come into its hands since its appointment; and (f) the balance due from or to the Receiver since the rendering of its last account.

10.    **Turnover of Property.** Defendant and its independent contractors and agents, and all persons in active concert and participation with them, including officers, directors, employees, agents, accountants, attorneys, insurers, utilities, and banks, are ordered to deliver immediately over to the Receiver or its agents, whenever received, all property in the Receivership Estate, including, without limitation, the Mortgaged Property, any and all cash, Revenues, rental payments, and lease payments, keys to any aspect of the Mortgaged Property (including to all outbuildings and machinery located upon the Mortgaged Property or used in the operation and maintenance of the Mortgaged Property), accounts receivable, security deposits, trust accounts, bank accounts, personnel files, operations manuals, financial records, payroll records, certificates and licenses, contracts, leases, books, insurance certificates, binders or other records relating to the operation, maintenance, and management of the Mortgaged Property, fixtures, inventory, supplies, furniture, and equipment used or associated therewith, and all other things of value relating to the Mortgaged Property, and necessary to permit the Receiver to carry out its duties under this Order without interference or delay.  Rents and security deposits received by Defendant or any of its agents prior to the date of this Order shall be deemed held in trust for the benefit of the Receivership Estate, and shall be delivered to the Receiver within the earlier of two business days after the date this Order is entered, or two days of receipt.  Any security deposit or other deposits which tenants have paid to Defendant or its agents and which are not paid to the Receiver, and over which the Receiver has no control, shall be obligations of Defendant, and may not be refunded by the Receiver without further order of Court.  Any security deposits which the tenants have paid or may pay to the Receiver, if otherwise

refundable under the terms of their agreements with the Receiver, shall be refunded by the

Receiver in accordance with the terms of the applicable leases or agreements.

11. **Turnover of Funds**.

    a. <u>Funds Held by Defendant or Its Affiliates</u>. Except as may be expressly authorized by this Court in this Order or hereafter upon notice and a hearing, Defendant and its respective successors, assigns, agents, or any persons or entities claiming by, through or under them, hereby are required to pay and turn over immediately to the Receiver, and to perform all acts necessary to transfer to the Receiver, all funds on hand in cash and all funds held in deposit accounts of or for the benefit of the Receivership Estate arising from the ownership, possession, or operation of the Mortgaged Property and all accounts, accounts receivable, and any other collectibles and all keys, books, records, equipment, and all things in any manner related to the ownership, possession, or operation of the Mortgaged Property.

    b. <u>Funds Held by Third Parties</u>. Any bank, savings and loan association, broker, escrow agent, title company, and any other financial institution or other entity, wherever located, which is served with a copy of this Order shall, within ten (10) days of service, turnover or transfer to Receiver all property and/or funds properly belonging to the Receivership Estate which are in such entity's possession, custody or control, together with all records relating to such property and/or funds.

12.    **Injunction Against Defendant**.  Except as may be expressly authorized by this

Court in this Order or hereafter upon notice and a hearing, Defendant and its management,

members, partners, shareholders, board of directors, and all of their respective successors,

assigns, employees, agents, attorneys, or any persons or entities claiming by, through or

under them hereby are enjoined from:

    a. Possessing, managing, or controlling any part of the Receivership Estate and from interfering in any way with the possession or management of the Mortgaged Property and other Mortgaged Property by the Receiver, including terminating or causing to be terminated any license, permit, lease, contract, or agreement relating to the Receivership Estate or the operation of the Mortgaged Property including any insurance policy or agreement with any utility;

    b. Collecting, withdrawing, transferring, conveying, concealing, or otherwise disposing of any part of the Receivership Estate, including cash Mortgaged Property, and the proceeds derived therefrom, during the appointment of the

Receiver, including: collecting any Revenues, rents, issues, proceeds, or profits from the Receivership Estate; withdrawing funds from any bank or other depository account relating to the Receivership Estate; causing the cancellation or termination of any policy of insurance; directing the remittance of any premium refund or any funds generated or payable on account of such termination of any such policy; or causing any change or cancellation of any agreement with any utility for the provision of electricity, gas, water, telephone or cable services to any part of the Mortgaged Property;

c.  Removing any property from the Mortgaged Property and from removing, destroying, concealing, changing, or altering in any manner any of the books or records relating to the ownership, possession, or operation of the Receivership Estate.  Defendant and its agents are expressly charged with the duty of advising all banks, depositories, insurance companies, utilities, and creditors, if requested to do so by the Receiver, of the contents of this Order, and its agreement that the Receiver be given full and sole access to all accounts, contracts, or other rights and entitlements which previously inured to the benefit of Defendant and/or its agents; and

d.  Filing any petition under the United States Bankruptcy Code.

e.  Except as provided in this Order or as expressly consented to by Plaintiff in writing, Defendant is prohibited from dealing with the Mortgaged Property in any manner unless and until all Events of Default, as that term is defined in the Loan Documents (past, present and future), are cured.

13.  **<u>Injunction Against Creditors.</u>** Any creditor or party holding a claim arising from, related to, or against Defendant or any part of the Receivership Estate, as related to the Mortgaged Property only, is enjoined from prosecuting such claim from the date of entry of this Order, except that Plaintiff may proceed to enforce its rights and remedies, including its sale and foreclosure remedies, under the Loan Documents and applicable law. In the event that either the Receiver or Defendant is served with process or are otherwise notified of any pending lawsuit which could result in a lien or charge against the Receivership Estate if reduced to judgment, or which could adversely affect the possession of the Receiver of any of the Receivership Estate, the Receiver shall notify the plaintiff in such case of this Order, and such plaintiff shall immediately cease the prosecution of such

lawsuit and shall serve a claim upon the Receiver. Upon such notice, such claimant shall be enjoined from further proceeding until this Court enters a further Order providing for the disposition of all such claims. Defendant shall cooperate with the Receiver in notifying the Receiver and Plaintiff of any such claim made by legal process upon it by immediately contacting the Receiver and Plaintiff and making the Receiver and Plaintiff aware of the pendency of any such action. The Receiver may petition this Court for any orders necessary (including for contempt) of any violation of this Order by Defendant, or any creditor or other party.

14.    **No Discrimination.**  No person or entity shall discriminate with respect to Defendant or the Receiver on account of the appointment of the Receiver in this proceeding. No government entity shall deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to Defendant solely because Defendant has been and is insolvent or because the Receiver has been appointed pursuant hereto.

15.    **Limitation on Receiver's Duties.**  The Receiver shall not be obligated to upgrade the Real Property or to make any improvements thereto, unless and until ordered to do so by the Court. The Receiver shall not be obligated to contribute its personal funds in the performance of its duties hereunder, and the receivership is to be conducted solely from the funds arising from the Receivership Estate. No obligation incurred by the Receiver shall be its personal obligation.

16.    **Inspection of Receivership Estate.**  The Receiver shall permit Plaintiff and Defendant, upon reasonable request and notice, to fully inspect the Receivership Estate and the books and records kept in connection with the operation of the Mortgaged Property.

17. **Plaintiff's Discretion.** Plaintiff may, in its sole discretion and without further Order of this Court, use any of the funds currently in its possession, or which are remitted to it by the Receiver during the course of this receivership, in any manner it determines is necessary, including for the payment of its fees and expenses (including its reasonable attorneys' fees and expenses), operating expenses of the Mortgaged Property, or interest or principal payments on the Loan.

18. **Reservation of Rights by Plaintiff.** Following the entry of this Order, Plaintiff shall retain all rights and remedies under the Loan Documents and applicable law, and all such rights and remedies are hereby preserved. Specifically, and without limiting the preceding sentence, the Court hereby authorizes Plaintiff to exercise its remedies to sell all or any part of the Receivership Estate as necessary in its sole discretion in accordance with the Loan Documents, including, but not limited to, by way of foreclosure, sale, or lease, as well as any and all other rights and remedies provided for under the Loan Documents, at law, or in equity.

19. **Distribution of Sale Proceeds.** In the event the Mortgaged Property and/or any part of the Receivership Estate is sold by way of sale by the Receiver, unless otherwise ordered by this Court, all proceeds of such sale, after deducting expenses incurred in connection therewith and, subject to the approval of Plaintiff and the Court, sufficient funds as Receiver deems reasonable to cover the remaining expenses of the Receivership Estate, shall be transferred to Plaintiff to be held in escrow, with any liens against the Mortgaged Property and the corresponding part of the Receivership Estate attaching to such proceeds in the same order of priority to which they attached to the Mortgaged Property itself.

20.    **No Duty to Defend Defendant**.  The appointment of the Receiver extends only to the Mortgaged Property and the Receivership Estate and does not impose upon the Receiver any affirmative duty to act on behalf of or defend Defendant.  Notwithstanding any other provision hereof, the Receiver shall be under no obligation to complete or file tax returns on behalf of Defendant or file other regulatory or other governmental reports on behalf of Defendant. Responsibility for such filings remains with Defendant.

21.    **Supplemental Direction or Instruction.**  The Receiver shall undertake any and all additional duties as this Court may provide by its Orders.  Plaintiff or the Receiver (for as long as this Order remains operative) may from time to time request that the Court enter additional orders to supplement, clarify, effectuate, or amend this Order, or to provide further direction to the Receiver.

22.    **Taxpayer Identification Numbers.**  The Receiver may use any federal taxpayer identification numbers of Defendant relating to the Mortgaged Property for any lawful purpose.

23.    **Collection of Mail.**  The Receiver may take any and all steps necessary to receive, collect, and review all mail addressed to Defendant or any of their agents which the Receiver has reasonably determined may contain invoices related to the operation of the Receivership Estate, or Revenues to which the Receiver is entitled as set forth herein, and the Receiver is authorized to instruct the United States Postmaster to reroute, hold, and/or release such mail to the Receiver.  Upon request, mail received by the Receiver in the performance of its duties will be made available promptly to the addressee after review by the Receiver, provided, however, the Receiver shall be further authorized to remove, take

possession of, endorse, and negotiate all checks or other instruments payable to Defendant, or any of its agents which represent Revenues of the Mortgaged Property.

24.    **Court Permission for Suit.**  No individual or entity may sue the Receiver without first obtaining the permission of this Court.

25.    **Service of Order.**  Plaintiff shall forthwith provide a copy of this Order, as entered by the Court, to Defendant, and any current property manager for the Mortgaged Property, via facsimile copy or by first-class mail to the addresses set forth on the Certificate of Service to the Motion.  The Receiver shall forthwith provide a copy of this Order via first-class mail, electronic mail, facsimile, or hand delivery to the applicable taxing and utility authorities and any persons in possession of any part of the Receivership Estate, or otherwise affected by this Order. Upon service of this Order upon any person or entity, or any employee or agent of such person or entity, such person shall be deemed to be required to comply with all of the terms of this Order from the moment of service upon such person, entity, agent, or employee until the Court shall have relieved such person from the terms of this Order by subsequent order.  "Service" shall comply with Federal Rule of Civil Procedure 5(b).

26.    **Retention of Jurisdiction.**  Except as otherwise provided herein, this receivership action and the preliminary injunction shall continue until further Order of this Court. This Court retains jurisdiction to modify the terms of this Order and to expand or contract the rights, duties, and obligations of the Receiver, and to enter such other orders as may from time to time, during the pendency of this action, be deemed necessary, just, and proper.  The provisions of this Order shall survive entry of, and shall govern with

respect to any conflict with any subsequent Order of Court, irrespective of whether this case is dismissed, stayed, or transferred.

It is so **ORDERED.**

**BY THE COURT:**

 **/s/ Cynthia M. Rufe**

_____

**CYNTHIA M. RUFE, J.**

19