IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FANNIE MAE,<br><br>    Plaintiff,<br><br>    v.<br><br>HARRISON COURT REALTY CO., L.P., *et al.*,<br><br>    Defendants. | : : : : : : : : : : : | **CIVIL ACTION**<br><br>**NO. 2:24-cv-04722** |

**RECEIVER'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION TO HOLD DEFENDANTS AND THEIR PRINCIPAL
IN CONTEMPT OF THE COURT'S COMPLIANCE ORDER**

Trigild IVL, LLC, the Court-appointed receiver (the "Receiver"), by its counsel, respectfully submits this memorandum of law in support of its motion to hold Defendants and their principal, Philip Pulley (collectively, "Respondents"), in contempt of the Court's Order entered September 3, 2025 (the "Compliance Order") (ECF Doc. No. 82), ordering Defendants to turn over operating accounts and account for tenant security deposits within 30 days.

**I.    RELEVANT BACKGROUND**

This is an action to foreclose a commercial mortgage executed by Defendants to secure repayment of a loan by Plaintiff. The mortgaged property comprises a portfolio of multi-family buildings in the City of Philadelphia (the "Mortgaged Property"). On Plaintiff's motion, the Court entered on March 17, 2025, the operative First Amended Order Appointing a Receiver (the "Receiver Order") (ECF Doc. No. 47), which replaced and superseded the Court's prior Order entered on October 18, 2024 (ECF Doc. No. 18).

Pursuant to the Receiver Order:

> [T]he Receiver is hereby directed and empowered to take from Defendant, its agents, employees, representatives, and all of their affiliates and subsidiaries who now have or may in the future have any interest in the Mortgaged Property,

> immediate, complete, and exclusive possession and control of the Mortgaged Property, wherever located, including all payments, rents, incomes, revenues, and profits arising from the Mortgaged Property, all accounts, books, records, keys, equipment, and such other personalty which may be found on or off the Mortgaged Property which relate to the operation of the Mortgaged Property and which are subject to the mortgage, liens, or security interests of Plaintiff, hereinafter referred to as the "Receivership Estate."

*See* Receiver Order § 4.

The Receiver Order also requires that Defendants and their agents "deliver immediately over to the Receiver or its agents," among other items, "security deposits," "financial records," and all "other records relating to the operation, maintenance, and management of the Property." *See* Receiver Order § 10. With respect to security deposits, the Receiver Order provides that "[r]ents and security deposits received by Defendant or any of its agents prior to the date of this Order shall be deemed held in trust for the benefit of the Receivership Estate, and shall be delivered to the Receiver within the earlier of two business days after the date this Order is entered, or two days of receipt." *See id*.

Respondents failed to deliver a number of items that the Receiver Order requires be delivered to Trigild, including the operating accounts maintained by Defendants and/or SBG Management Services, Inc. ("SBG Management"), the management company owned and controlled by Defendants' principal, Philip Pulley, for the Mortgaged Property, and – by Respondents' own accounting – $157,229.00 in tenant security deposits.

Rather than move to hold Respondents in contempt of the Receiver Order, the Receiver initially sought the less draconian remedy of moving for an additional Order compelling Defendants to comply with the Receiver Order. The Court granted the Receiver's motion over the opposition of Defendants and entered the Compliance Order, which provides in relevant part that:

It is further **ORDERED** that, within 30 days of this Order:

    1.    Defendant shall turn over to the Receiver all operating accounts pursuant to Section 10 of the Receiver Order.

    2.    Defendant shall provide, to the extent possible, a full accounting for the tenant security deposits and file it with this Court. As to the necessary information to fully account for the disposition of the tenant security deposits for which Defendant purportedly lacks access, Defendant shall identify with precision the nature of such information, where such information was located, and where, to the best of Defendant's knowledge, such information currently is.

*See* Compliance Order at p. 1.

Respondents have characteristically flouted the Compliance Order. Although the 30 days for their compliance expired on October 2, 2025, Respondents have not turned over any funds to the Receiver or accounted for the tenants' missing security deposits. Nor have Respondents proffered any excuse for their noncompliance or sought additional time to comply.

Counsel for the Receiver served a Notice and Demand to Cure Noncompliance on Respondents' counsel, Michael Yanoff, by letter dated October 6, 2025 (the "Demand Letter"), a copy of which is attached hereto as ***Exhibit A***. The Demand Letter advised Mr. Yanoff that:

> In the event that Defendant and its agents have not fully complied with their obligations by the close of business on **Friday, October 10, 2025**, the Receiver intends to move for further relief from the Court, including but not limited to an Order holding Defendants and their agents, including Mr. Pulley, in contempt of the Compliance Order and imposing sanctions in a manner deemed appropriate by the Court until such time as their contempt is purged.

*See* Ex. A (Demand Letter) at p. 2. Respondents have not complied with or even acknowledged the Demand Letter.

## II. ARGUMENT

"Proof of contempt requires a movant to demonstrate '(1) that a valid order of the court existed; (2) that the defendants had knowledge of the order; and (3) that the defendants disobeyed the order.'" *FTC v. Lane Labs-USA, Inc.*, 624 F.3d 575, 582 (3d Cir. 2010) (citations omitted). Here, there can be no dispute that the Compliance Order was a valid court order or that Respondents had knowledge of the Compliance Order by virtue of its entry on the docket on September 3, 2025. *See* ECF Doc. No. 82. It is equally clear that Respondents have disobeyed the Compliance Order by wholly ignoring the Court's directives.

This contempt for the Court's authority is not an isolated incident for Mr. Pulley, who was recently held in contempt of a similar compliance order issued by Judge McHugh on the Receiver's motion in the action captioned *ICON PSG1 FL, LLC v. Jenkins Court Realty Co., L.P.*, No. 25-cv-00044. Copies of Judge McHugh's Memorandum and accompanying Order (ECF Doc. Nos. 43-44) are attached hereto as **Exhibits B and C**, respectively. Among other things, the Court held that "Defendant's contempt is self-evident," found Mr. Pulley to be "an evasive witness" as well as a convicted felon, and imposed monetary sanctions commencing at $500.00 per day with the admonition that "[t]he contempt order accompanying this memorandum is mild, considering the blatant lack of cooperation on Mr. Pulley's part. In adjusting his behavior, he should take note of the Court's growing impatience with his conduct." *See* Mem. (ECF Doc. No. 43) at pp. 2-3.

This Court has broad discretion to fashion an appropriate penalty for civil contempt. *See Del. Valley Citizens' Council for Clean Air v. Commonwealth of Pa.*, 678 F.2d 470, 478 (3d Cir. 1982). Accordingly, the Court should hold Respondents in contempt of the Compliance Order and impose appropriate penalties, including but not limited to daily monetary sanctions, if they fail to purge their contempt and comply fully and immediately with the Compliance Order.

### III. **CONCLUSION**

For all of the foregoing reasons, the Receiver respectfully submits that the Court should promptly enter an Order inviting Respondents to show cause why this motion should not be granted, scheduling a hearing on the motion at the Court's earliest convenience and requiring Mr. Pulley to appear personally at that hearing. Alternatively, or (if appropriate) following the requested hearing, the Court should find Respondents to be in contempt of the Compliance Order, order them to purge their contempt by complying with their obligations thereunder, impose appropriate daily sanctions upon them until their contempt is purged and award to the Receiver such other and further relief as the Court in its discretion may find equitable and just.

Respectfully submitted,

Dated: October 14, 2025

*/s/ Raymond A. Quaglia*
Raymond A. Quaglia, Esq.
Brian N. Kearney, Esq.
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 10103
Mt. Laurel, New Jersey 08054-0015
(215) 665-8500
quaglia@ballardspahr.com
kearneyb@ballardspahr.com

Counsel for Receiver