IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FANNIE MAE**, <br><br>           Plaintiff, <br><br>   v. <br><br> **HARRISON COURT REALTY CO., L.P.,** *et al*. <br><br>           Defendants. | CIVIL ACTION <br><br> Case No.: 24-04722 |

**ORDER GRANTING PLAINTIFF FANNIE MAE'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56**

AND NOW, this 30th day of December 2025, upon consideration of *Plaintiff Fannie Mae's Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56* (the "Motion"),[1] and all submissions and arguments in support thereof and in opposition thereto, it hereby is **ORDERED, ADJUDGED AND DECREED:**

1. The Motion is **GRANTED**.

2. *In rem* judgment of mortgage foreclosure is hereby entered in favor of Fannie Mae against Borrower-Defendants.

3. With respect to the **Harrison Mortgage and Simon Mortgage**:

   a. *In rem* judgment of mortgage foreclosure is hereby entered in favor of Fannie Mae against Borrower-Defendant Harrison Court and Borrower-Defendant Simon Garden in the amount of not less than $8,414,548.61 consisting of (a) as of April 30, 2025: (i) the aggregate unpaid principal amount under the Harrison-Simon Note of $7,367,912.18, (ii) the aggregate accrued, and unpaid interest under the Harrison-Simon Note of $317,361.48, (iii) yield

---

[1] Terms used but not defined herein have the meaning set forth in the Motion.

maintenance / prepayment premium in the amount of $73,679.12, (iv) other fees in the amount of $684,337.31, (v) Fannie Mae's attorney costs in an amount of $57,164.50, and (vi) credits in the amount of $85,905.98; and (b) an amount equal to all sums that may be advanced by Fannie Mae hereafter pursuant to the Harrison-Simon Loan Documents, including any amounts that the Fannie Mae may advance under the terms of the Receivership Order. Interest, fees, and expenses continue to accrue pursuant to the terms of the Harrison-Simon Loan Documents until the day the Harrison Mortgaged Property and the Simon Mortgaged Property are sold in accordance with this Order.

b. The Harrison Mortgaged Property (including the personal property (as described in the Complaint)) shall be sold at public auction by the United States Marshal for the Eastern District of Pennsylvania (the "<u>U.S. Marshal</u>") in accordance with applicable law.

c. The Simon Mortgaged Property (including the personal property (as described in the Complaint)) shall be sold at public auction by the U.S. Marshal in accordance with applicable law.

d. Plaintiff shall be entitled to update the amounts due and owing under the Harrison-Simon Loan Documents prior to the public auction and use its current indebtedness for purposes of bidding at the public auction.

e. Plaintiff, its successors and/or assigns or any purchaser at the foreclosure sale shall duly recover against Borrower-Defendant Harrison Court and Borrower-Defendant Simon Garden and all parties holding by, through or

      claiming under Borrower-Defendant Harrison Court and Borrower-Defendant Simon Garden, possession of the Harrison Mortgaged Property and the Simon Mortgaged Property mentioned and described in the Complaint with the appurtenances thereon.

4. With respect to the **Fern Rock Mortgage**:

   a. *In rem* judgment of mortgage foreclosure is hereby entered in favor of Fannie Mae against Borrower-Defendant Fern Rock in the amount of not less than $7,983,345.14 consisting of (a) as of April 30, 2025: (i) the aggregate unpaid principal amount under the Fern Rock Note of $6,741,000.00, (ii) the aggregate accrued, and unpaid interest under the Fern Rock Note of $456,840.00, (iii) yield maintenance / prepayment premium in the amount of $208,286.63, (iv) other fees in the amount of $556,293.09, (v) Fannie Mae's attorney costs in an amount of $56,685.68, and (vi) credits in the amount of $35,760.26; and (b) an amount equal to all sums that may be advanced by Fannie Mae hereafter pursuant to the Fern Rock Loan Documents, including any amounts that the Fannie Mae may advance under the terms of the Receivership Order. Interest, fees, and expenses continue to accrue pursuant to the terms of the Fern Rock Loan Documents until the day the Fern Rock Mortgaged Property is sold in accordance with this Order.

   b. The Fern Rock Mortgaged Property (including the personal property (as described in the Complaint)) shall be sold at public auction by the U.S. Marshal in accordance with applicable law.

   c. Plaintiff shall be entitled to update the amounts due and owing under the Fern

        Rock Loan Documents prior to the public auction and use its current indebtedness for purposes of bidding at the public auction.

    d. Plaintiff, its successors and/or assigns or any purchaser at the foreclosure sale shall duly recover against Borrower-Defendant Fern Rock and all parties holding by, through or claiming under Borrower-Defendant Fern Rock, possession of the Fern Rock Mortgaged Properties mentioned and described in the Complaint with the appurtenances thereon.

5. With respect to the **Stonehurst Mortgage**:

    a. *In rem* judgment of mortgage foreclosure is hereby entered in favor of Fannie Mae against Borrower-Defendant Stonehurst in the amount of not less than $7,369,822.09 consisting of (a) as of April 30, 2025: (i) the aggregate unpaid principal amount under the Stonehurst Note of $6,181,000.00, (ii) the aggregate accrued, and unpaid interest under the Stonehurst Note of $418,888.26, (iii) yield maintenance / prepayment premium in the amount of $190,983.48, (iv) other fees in the amount of $576,473.79, (v) Fannie Mae's attorney costs in an amount of $53,916.50, and (vi) credits in the amount of $51,439.94; and (b) an amount equal to all sums that may be advanced by Fannie Mae hereafter pursuant to the Stonehurst Loan Documents, including any amounts that the Fannie Mae may advance under the terms of the Receivership Order. Interest, fees, and expenses continue to accrue pursuant to the terms of the Stonehurst Loan Documents until the day the Stonehurst Mortgaged Property is sold in accordance with this Order.

    b. The Stonehurst Mortgaged Property (including the personal property (as described in the Complaint)) shall be sold at public auction by the U.S. Marshal in accordance with applicable law.

    c. Plaintiff shall be entitled to update the amounts due and owing under the Stonehurst Loan Documents prior to the public auction and use its current indebtedness for purposes of bidding at the public auction.

    d. Plaintiff, its successors and/or assigns or any purchaser at the foreclosure sale shall duly recover against Borrower-Defendant Stonehurst and all parties holding by, through or claiming under Borrower-Defendant Stonehurst, possession of the Stonehurst Mortgaged Property mentioned and described in the Complaint with the appurtenances thereon.

6. With respect to the **Marchwood Mortgage**:

    a. *In rem* judgment of mortgage foreclosure is hereby entered in favor of Fannie Mae against Borrower-Defendant Marchwood in the amount of not less than $16,673,567.57 consisting of (a) as of April 30, 2025: (i) the aggregate unpaid principal amount under the Marchwood Note of $13,935,000.00, (ii) the aggregate accrued, and unpaid interest under the Marchwood Note of $1,085,466.42, (iii) yield maintenance / prepayment premium in the amount of $1,137,039.94, (iv) other fees in the amount of $1,060,043.29, (v) Fannie Mae's attorney costs in an amount of $56,286.53, and (vi) credits in the amount of $600,268.61; and (b) an amount equal to all sums that may be advanced by Fannie Mae hereafter pursuant to the Marchwood Loan Documents, including any amounts that the Fannie Mae may advance under the terms of the

  Receivership Order. Interest, fees, and expenses continue to accrue pursuant to the terms of the Marchwood Loan Documents until the day the Marchwood Mortgaged Property is sold in accordance with this Order.

b. The Marchwood Mortgaged Property (including the personal property (as described in the Complaint)) shall be sold at public auction by the U.S. Marshal in accordance with applicable law.

c. Plaintiff shall be entitled to update the amounts due and owing under the Marchwood Loan Documents prior to the public auction and use its current indebtedness for purposes of bidding at the public auction.

d. Plaintiff, its successors and/or assigns or any purchaser at the foreclosure sale shall duly recover against Borrower-Defendant Marchwood and all parties holding by, through or claiming under Borrower-Defendant Marchwood, possession of the Marchwood Mortgaged Property mentioned and described in the Complaint with the appurtenances thereon.

7. With respect to the **Allen's Lane Mortgage**:

a. *In rem* judgment of mortgage foreclosure is hereby entered in favor of Fannie Mae against Borrower-Defendant Allen's Lane in the amount of not less than $10,411,712.51 consisting of (a) as of April 30, 2025: (i) the aggregate unpaid principal amount under the Allen's Lane Note of $9,543,325.11, (ii) the aggregate accrued, and unpaid interest under the Allen's Lane Note of $332,029.40, (iii) other fees in the amount of $547,103.71, (iv) Fannie Mae's attorney costs in an amount of $47,208.27, and (vi) credits in the amount of $57,953.98; and (b) an amount equal to all sums that may be advanced by

        Fannie Mae hereafter pursuant to the Allen's Lane Loan Documents, including any amounts that the Fannie Mae may advance under the terms of the Receivership Order. Interest, fees, and expenses continue to accrue pursuant to the terms of the Allen's Lane Loan Documents until the day the Allen's Lane Mortgaged Property is sold in accordance with this Order.

    b. The Allen's Lane Mortgaged Property (including the personal property (as described in the Complaint)) shall be sold at public auction by the U.S. Marshal in accordance with applicable law.

    c. Plaintiff shall be entitled to update the amounts due and owing under the Allen's Lane Loan Documents prior to the public auction and use its current indebtedness for purposes of bidding at the public auction.

    d. Plaintiff, its successors and/or assigns or any purchaser at the foreclosure sale shall duly recover against Borrower-Defendant Allen's Lane and all parties holding by, through or claiming under Borrower-Defendant Allen's Lane, possession of the Allen's Lane Mortgaged Property mentioned and described in the Complaint with the appurtenances thereon.

8. With respect to the **Oak Lane Mortgage**:

    a. *In rem* judgment of mortgage foreclosure is hereby entered in favor of Fannie Mae against Borrower-Defendant Oak Lane in the amount of not less than $7,643,820.55 consisting of (a) as of April 30, 2025: (i) the aggregate unpaid principal amount under the Oak Lane Note of $6,925,088.65, (ii) the aggregate accrued, and unpaid interest under the Oak Lane Note of $255,573.00, (iii) yield maintenance / prepayment premium in the amount of $69,250.89,

- 7 -

        (iv) other fees in the amount of $439,129.86, (v) Fannie Mae's attorney costs in an amount of $47,209.75, and (vi) credits in the amount of $92,431.60; and (b) an amount equal to all sums that may be advanced by Fannie Mae hereafter pursuant to the Oak Lane Loan Documents, including any amounts that the Fannie Mae may advance under the terms of the Receivership Order. Interest, fees, and expenses continue to accrue pursuant to the terms of the Oak Lane Loan Documents until the day the Oak Lane Mortgaged Property is sold in accordance with this Order.

    b. The Oak Lane Mortgaged Property (including the personal property (as described in the Complaint)) shall be sold at public auction by the U.S. Marshal in accordance with applicable law.

    c. Plaintiff shall be entitled to update the amounts due and owing under the Oak Lane Loan Documents prior to the public auction and use its current indebtedness for purposes of bidding at the public auction.

    d. Plaintiff, its successors and/or assigns or any purchaser at the foreclosure sale shall duly recover against Borrower-Defendant Oak Lane and all parties holding by, through or claiming under Borrower-Defendant Oak Lane, possession of the Oak Lane Mortgaged Property mentioned and described in the Complaint with the appurtenances thereon.

9. With respect to the **Greene Tree Mortgage**:

    a. *In rem* judgment of mortgage foreclosure is hereby entered in favor of Fannie Mae against Borrower-Defendant Greene Tree in the amount of not less than $9,981,403.74 consisting of (a) as of April 30, 2025: (i) the aggregate unpaid

    principal amount under the Greene Tree Note of $8,608,000.00, (ii) the aggregate accrued, and unpaid interest under the Greene Tree Note of $438,124.10, (iii) yield maintenance / prepayment premium in the amount of $420,661.08, (iv) other fees in the amount of $539,528.37, (v) Fannie Mae's attorney costs in an amount of $47,433.60, and (vi) credits in the amount of $72,343.41; and (b) an amount equal to all sums that may be advanced by Fannie Mae hereafter pursuant to the Greene Tree Loan Documents, including any amounts that the Fannie Mae may advance under the terms of the Receivership Order. Interest, fees, and expenses continue to accrue pursuant to the terms of the Greene Tree Loan Documents until the day the Greene Tree Mortgaged Property is sold in accordance with this Order.

b. The Greene Tree Mortgaged Property (including the personal property (as described in the Complaint)) shall be sold at public auction by the U.S. Marshal in accordance with applicable law.

c. Plaintiff shall be entitled to update the amounts due and owing under the Greene Tree Loan Documents prior to the public auction and use its current indebtedness for purposes of bidding at the public auction.

d. Plaintiff, its successors and/or assigns or any purchaser at the foreclosure sale shall duly recover against Borrower-Defendant Greene Tree and all parties holding by, through or claiming under Borrower-Defendant Greene Tree, possession of the Greene Tree Mortgaged Property mentioned and described in the Complaint with the appurtenances thereon.

10. With respect to the **<u>Darrah School Mortgage</u>**:

    a. *In rem* judgment of mortgage foreclosure is hereby entered in favor of Fannie Mae against Borrower-Defendant Darrah School in the amount of not less than $6,420,194.64 consisting of (a) as of April 30, 2025: (i) the aggregate unpaid principal amount under the Darrah School Note of $7,162,576.22, (ii) the aggregate accrued, and unpaid interest under the Darrah School Note of $147,816.02, (iii) yield maintenance / prepayment premium in the amount of $71,625.76, (iv) other fees in the amount of $291,975.07, (v) Fannie Mae's attorney costs in an amount of $4,163.45, and (vi) credits in the amount of $1,257,961.88; and (b) an amount equal to all sums that may be advanced by Fannie Mae hereafter pursuant to the Darrah School Loan Documents, including any amounts that the Fannie Mae may advance under the terms of the Receivership Order. Interest, fees, and expenses continue to accrue pursuant to the terms of the Darrah School Loan Documents until the day the Darrah School Mortgaged Property is sold in accordance with this Order.

    b. The Darrah School Mortgaged Property (including the personal property (as described in the Complaint)) shall be sold at public auction by the U.S. Marshal in accordance with applicable law.

    c. Plaintiff shall be entitled to update the amounts due and owing under the Darrah School Loan Documents prior to the public auction and use its current indebtedness for purposes of bidding at the public auction.

    d. Plaintiff, its successors and/or assigns or any purchaser at the foreclosure sale shall duly recover against Borrower-Defendant Darrah School and all parties

        holding by, through or claiming under Borrower-Defendant Darrah School, possession of the Darrah School Mortgaged Property mentioned and described in the Complaint with the appurtenances thereon.

11. With respect to the **Marshall Square Mortgage**:

   a. *In rem* judgment of mortgage foreclosure is hereby entered in favor of Fannie Mae against Borrower-Defendant Marshall Square in the amount of not less than $6,894,327.69 consisting of (a) as of April 30, 2025: (i) the aggregate unpaid principal amount under the Marshall Square Note of $6,531,090.33, (ii) the aggregate accrued, and unpaid interest under the Marshall Square Note of $139,174.20, (iii) yield maintenance / prepayment premium in the amount of $65,310.90, (iv) other fees in the amount of $274,379.06, (v) Fannie Mae's attorney costs in an amount of $4,163.45, and (vi) credits in the amount of $119,790.25; and (b) an amount equal to all sums that may be advanced by Fannie Mae hereafter pursuant to the Marshall Square Loan Documents, including any amounts that the Fannie Mae may advance under the terms of the Receivership Order. Interest, fees, and expenses continue to accrue pursuant to the terms of the Marshall Square Loan Documents until the day the Marshall Square Mortgaged Property is sold in accordance with this Order.

   b. The Marshall Square Mortgaged Property (including the personal property (as described in the Complaint)) shall be sold at public auction by the U.S. Marshal in accordance with applicable law.

   c. Plaintiff shall be entitled to update the amounts due and owing under the Marshall Square Loan Documents prior to the public auction and use its current

        indebtedness for purposes of bidding at the public auction.

    d.    Plaintiff, its successors and/or assigns or any purchaser at the foreclosure sale shall duly recover against Borrower-Defendant Marshall Square and all parties holding by, through or claiming under Borrower-Defendant Marshall Square, possession of the Marshall Square Mortgaged Property mentioned and described in the Complaint with the appurtenances thereon.

12.    This Judgment shall not preclude or otherwise prohibit, hinder or limit Plaintiff's ability to exercise all rights against Guarantor at law or in equity in regard to any deficiency related to the foreclosure of the Mortgaged Properties as set forth in the applicable Loan Documents.

        **BY THE COURT:**

        /s/ Catherine Henry
        _____
        CATHERINE HENRY, J.