**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FANNIE MAE,<br><br>    Plaintiff,<br><br>v.<br><br>HARRISON COURT REALTY CO., L.P., *et al.*,<br><br>    Defendants. | **Case No. 2:24-cv-04722-CH**<br><br>**PROPOSED INTERVENOR'S REPLY IN SUPPORT OF MOTION TO INTERVENE** |

Proposed Intervenor Goldstein Law Partners, LLC ("Proposed Intervenor")

submits this reply in support of its Motion to Intervene ("Motion"). In support,

Proposed Intervenor states:

## INTRODUCTION

Plaintiff Fannie Mae ("Fannie Mae") and Receiver Trigild IVL ("Receiver")

reframes Goldstein Law Partners, LLC's ("Proposed Intervenor's") Motion to

Intervene ("Motion") as an effort to reopen the merits or siphon foreclosure proceeds

from a secured lender. That is not what Proposed Intervenor seeks. Proposed

Intervenor seeks only a limited appearance so this Court can determine, before

distribution, whether Proposed Intervenor has a cognizable or other protectable

interest in any money, credits, refunds, reserves, escrows, rents, surplus, or other value

1

that may become payable to Philip Pulley ("Pulley"), Borrower-Defendants,[1] or affiliated Pulley entities through the receivership or related recoveries. Proposed Intervenor does not seek to disturb summary judgment, challenge Fannie Mae's priority, or interfere with the Receiver's management of the properties.

**ARGUMENT IN REPLY**

**I.    FANNIE MAE AND THE RECEIVER ESSENTIALLY CONFIRM WHY INTERVENTION SHOULD BE GRANTED**

Fannie Mae and the Receiver rely heavily on paragraph 13 of the receivership order and on the Receiver's February 8, 2026 email to Proposed Intervenor, which directed Proposed Intervenor to "immediately cease" its state court case as against entities in receivership and to "submit any claim against such entities to the US District Court for disposition." Pls.' Resp. in Opp. to Goldstein Law Partners, LLC's Mot. to Intervene [ECF 134], at Ex. 2. Proposed Intervenor is doing exactly that. The Motion is not an attempt to evade the Receivership Order; it is Proposed Intervenor's effort to comply with the only forum the Receiver identified as available for adjudication of its claim.

Fannie Mae says Proposed Intervenor should have served a "claim upon the Receiver" rather than move to intervene. *Id.* But Rule 24 is an appropriate procedural

---

[1] "Borrower-Defendants" includes Defendants Harrison Court Realty Co., L.P., Simon Garden Realty Co L.P., Fern Rock Realty Co., L.P., Stonehurst Realty Co., L.P., Marchwood Realty Co., L.P., Allen's Lane Realty Co., L.P., Oak Lane Court Realty Co., L.P., Greene Tree Realty Co., L.P., Darrah School Realty Co., L.P., and Marshall Square Realty Co., L.P.

mechanism where the movant seeks notice, a right to be heard, and adjudication of a claimed interest before court-supervised distributions occur. Proposed Intervenor cannot be faulted for coming to federal court: the Receiver and Fannie Mae's own counsel told Proposed Intervenor that federal court is the place where this claim must be presented. Having directed Proposed Intervenor to halt their litigation in state court, Fannie Mae cannot now argue that Proposed Intervenor should be denied access to this Court altogether.

## II. PROPOSED INTERVENOR'S MOTION WAS TIMELY

Timeliness is measured in context, including the stage of the case, the reason for any delay, and prejudice to the existing parties. *See United States v. Alcan Aluminum, Inc.,* 25 F.3d 1174, 1181 (3d Cir. 1994). Proposed Intervenor does not seek discovery or relitigation of the merits of the case. It moved only after summary judgment, once the case shifted from adjudicating liability to administering assets, marshaling value, and potentially distributing funds or credits. That is when Proposed Intervenor's asserted interest became practically at risk.

Fannie Mae and the Receiver treat Proposed Intervenor's post-judgment timing as categorically fatal. It is not. Proposed Intervenor is not attempting to inject itself into the merits phase of this case or relitigate issues already decided. Rather, it seeks a narrowly-cabined determination before money or value is distributed out of the Court-supervised process. In that context, intervention at this point *minimizes* prejudice, because it avoids any disruption to the merits adjudication while giving the

3

Court an orderly mechanism to decide, before disbursement, whether notice or preservation is required.

Nor was Proposed Intervenor delinquent in exercising its rights. It withdrew as attorney for Borrower-Defendants only after nonpayment, filed a state-court action to collect unpaid fees, and then was instructed by the Receiver to halt that course and present the claim in federal court. The supposed "delay" cited by Fannie Mae is largely explained by Proposed Intervenor's effort to determine the proper forum after the receivership injunction was invoked.

## III.    PROPOSED INTERVENOR ASSERTS MORE THAN A MERE ECONOMIC INTEREST

Fannie Mae and the Receiver repeatedly characterize Proposed Intervenor as nothing more than an unsecured creditor hoping to improve its collection position. That oversimplifies the Motion. Proposed Intervenor is not seeking intervention merely because its clients owe unpaid invoices. Proposed Intervenor alleges that its legal work substantially contributed to generating or preserving value for Borrower-Defendants, including recoveries, credits, offsets, and related financial benefits arising from the long-running Philadelphia Gas Works ("PGW") overcharge litigation and associated proceedings. Proposed Intervenor seeks a determination as to whether any identifiable value becomes payable through or in connection with this Court-supervised process before it is disbursed.

4

That is materially different from a stranger to the case trying to attach a defendant's assets in the abstract. Federal Rule of Civil Procedure 24(a)(2) does not require a lien to be finally adjudicated before intervention; if that were the rule, former counsel could never intervene to ask the court supervising the fund to decide the lien question. *Cf. Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 365-66 (3d Cir. 1995). Proposed Intervenor's request is limited precisely so the Court may determine whether a protectable interest exists as to any identifiable fund or value before distribution renders the issue academic.

The Third Circuit's discussion of a specific-fund interest in *Mountain Top* remains instructive even if the precise contours of the fund are still being administered. Proposed Intervenor is not claiming a share of Fannie Mae's collateral *generally*. It seeks to preserve the opportunity to be heard if, through the receivership, sale process, reserves, escrows, rents, credits, refunds, waivers with economic value, or surplus, any funds become payable to Pulley interests before Proposed Intervenor's own interest in the funds can be adjudicated. That is a targeted, practical, not a mere abstract hope of collection.

## IV.    DISPOSITION WITHOUT PROPOSED INTERVENOR MAY IMPAIR PROPOSED INTERVENOR'S ABILITY TO PROTECT ITS CLAIMED INTERESTS

Next, Fannie Mae and the Receiver argue that Proposed Intervenor identifies only a fear of economic loss. But Proposed Intervenor's point is narrower: once the Receiver distributes funds, credits, or other value attributable to Pulley interests, the

5

Court may lose the practical ability to preserve that property pending adjudication of Proposed Intervenor's claimed lien or equitable interest. Given Proposed Intervenor's uncontested allegation that Pulley and his entities are insolvent, a later judgment entered elsewhere may be meaningless if the property passed through the receivership dissipates.

That is the very kind of practical impairment Rule 24(a)(2) is designed to prevent. Proposed Intervenor is not asking the Court to prefer it over Fannie Mae or to decide ultimate priority now. Proposed Intervenor asks only that, before relevant distributions occur, it be permitted to raise its claim in the forum the Receiver identified and to request that any arguably affected funds or value not be released until the Court determines whether Proposed Intervenor has any cognizable interest.

Relatedly, Fannie Mae and the Receiver devote substantial time arguing that Proposed Intervenor cannot satisfy every element of a Pennsylvania charging lien today. However, this Court need not decide this issue for purposes of the instant Motion in order to permit Proposed Intervenor to be heard. Instead, the Motion asks for a limited intervention so the Court can adjudicate whether Proposed Intervenor has a charging, equitable, or other lien interest in any identified funds or value before distribution.

In any event, Fannie Mae and the Receiver's argument depend on factual assumptions Proposed Intervenor disputes. For example, Fannie Mae recasts the PGW-related outcome as merely a waiver of liens rather than creation of value. But

6

reduction or elimination of competing liabilities can itself generate distributable value by increasing net proceeds, preserving equity, or freeing assets otherwise burdened by claims. Proposed Intervenor should at least be heard on whether the benefits produced by its work are sufficiently direct and identifiable to support lien or equitable relief as to any value that ultimately becomes payable.

## V.    THE ORDER IN *ICON PSG 1 FL, LLC v. JENKINS COURT REALTY CO., L.P.*, No. 25-0044 (E.D. Pa.) IS DISTINGUISHABLE

Proposed Intervenor recognizes that this District recently denied a similar motion to intervene in *ICON PSG 1 FL, LLC v. Jenkins Court Realty Co., L.P.* However, that one-page order is not controlling here and should not dictate the result on this record, for at least three reasons.

First, Proposed Intervenor's interest here is materially stronger because the Receiver in this case expressly invoked the Receivership Order and directed Proposed Intervenor to stop litigating in state court and submit its claim to this Court. Proposed Intervenor therefore comes here not merely as a would-be collector, but as a claimant affirmatively rerouted to this forum by the Receiver overseeing the estate.

Second, Proposed Intervenor's request here is expressly limited to recognition and preservation of any claim against value that may become payable to Pulley interests through this Court-supervised process. Again, Proposed Intervenor does not seek to diminish Fannie Mae's secured priority or delay foreclosure administration; it seeks notice and an opportunity to be heard before any relevant distributions occur.

Finally, to the extent *ICON* reasoned that Proposed Intervenor "did nothing to create the fund" because it defended against foreclosure, that rationale does not resolve Proposed Intervenor's claim here. Proposed Intervenor's asserted interest rests not on creating foreclosure proceeds for Fannie Mae but on separate legal work that created or preserved funds for Pulley-controlled entities—and on the prospect that those funds may now be swept into or reflected in the federal receivership and related distributions. The distinction matters.

## VI.    CONCLUSION

For the foregoing reasons, and those set forth in Proposed Intervenor's Motion and memorandum in support, this Court should permit Proposed Intervenor to intervene in this matter and set an orderly procedure for adjudicating Proposed Intervenor's asserted charging, equitable, or other lien-based claims before such distribution occurs.

Respectfully submitted,

GOLDSTEIN LAW PARTNERS, LLC

Dated: April 15, 2026

**Jonathan Goldstein**
Attorney I.D. No. 201627
Email: jgoldstein@goldsteinlp.com
**Britain Henry**
Attorney I.D. 314279
Email: bhenry@goldsteinlp.com
**David R. Osborne**
Attorney I.D. No. 318024
Email: dosborne@goldsteinlp.com

8

GOLDSTEIN LAW PARTNERS, LLC
200 School Alley, Suite 5
Green Lane, PA 18054
Telephone: 610-949-0444
Facsimile: 215-257-1910
*Counsel for Proposed Intervenor*