### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FANNIE MAE** | : | |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | **CIVIL NO. 24-4722** |
| | : | |
| **HARRISON COURT REALTY CO., L.P.,** | : | |
| **et al.** | : | |
| *Defendants* | : | |

## O R D E R

**AND NOW,** this 18th day of May, 2026, upon consideration of non-party Goldstein Law

Partners, LLC's Motion to Intervene for the Limited Purpose of Recognizing and Enforcing

Attorney Charging Liens (ECF No. 128) and the responses and replies thereto, and after a

telephonic conference to discuss the Motion held on May 12, 2026, it is hereby **ORDERED** that

the Motion is **DENIED**.[1]

---

[1] This is a mortgage foreclosure action brought by Plaintiff Fannie Mae against Defendants Harrison Court Realty Co., L.P., Simon Garden Realty Co L.P., Fern Rock Realty Co., L.P., Stonehurst Realty Co., L.P., Marchwood Realty Co., L.P., Allen's Lane Realty Co., L.P., Oak Lane Court Realty Co., L.P., Greene Tree Realty Co., L.P., Darrah School Realty Co., L.P., and Marshall Square Realty Co., L.P. Trigild IVL has been appointed as a Receiver in this action. On December 30, 2025, the Court granted Fannie Mae's Motion for Summary Judgment, entering *in rem* judgment of mortgage foreclosure against the Defendants.

On March 17, 2026, Goldstein Law Partners, LLC ("Goldstein") moved to intervene in this case for the limited purpose of recognizing and enforcing attorney charging liens. Goldstein was former counsel for the Defendants and their principal, Philip Pulley, until it withdrew after Pulley and his entities failed to pay their legal bills. Goldstein submits that it instituted a lawsuit in Pennsylvania state court to attempt to recover at least $221,620.75 from Pulley and his entities, including Defendants in this matter, but after Trigild directed it to stake its claims against the Defendants in this Court, it brought the present Motion, seeking to assert its claimed interest in any money paid out from the sale of the Defendant properties in this action.

Federal Rule of Civil Procedure 24 provides the mechanism by which a non-party may intervene in a case in federal court. Rule 24(a) allows intervention as of right for anyone who "(1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Rule 24(b)(1), on the other hand, allows for permissive intervention for anyone who "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Both Rules 24(a) and (b) require the motion to intervene to be timely, and Rule 24(c) requires the motion to

"state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).

I note at the outset two procedural defects in Goldstein's Motion. First, the Motion is untimely. Goldstein ceased representation of the Defendants in this case in November 2025. *See* ECF No. 93 (notice of withdrawal of counsel Shawn M. Rodgers of Goldstein Law Partners). The Court granted summary judgment against the Defendants on December 30, 2025. *See* ECF Nos. 99-100. Goldstein did not move to intervene to recover any money it may be entitled to until March 17, 2026, and it has not adequately explained that three-month delay. Second, Federal Rule of Civil Procedure 24(c) requires a motion to intervene to be accompanied by a pleading setting forth the claim for which intervention is sought. Goldstein did not attach such a pleading, and instead clarified at the telephonic conference that it would provide a more detailed pleading stating its alleged entitlement to funds if the Court granted it leave to intervene. Such a "failure to provide a proposed pleading as required under Fed. R. Civ. P. 24(c) is itself a basis for denying permissive intervention." *Cellco P'ship v. Cnty. of Monmouth, New Jersey*, No. 23-18091, 2024 WL 4579506, at *8 n.8 (D.N.J. Oct. 25, 2024) (citing *Transource Pennsylvania, LLC v. Dutrieuille*, No. 21-2567, 2022 WL 2235466, at *3 (3d Cir. 2022)). However, "some courts have exercised leniency in the application of Rule 24(c) despite its mandatory language," *see Transource Pennsylvania, LLC*, 2022 WL 2235466, at *3, so regardless of this procedural defect, I will still evaluate the merits of the Motion.

Goldstein seeks to intervene pursuant to both Federal Rule of Civil Procedure 24(a) and 24(b). I will begin with Rule 24(b), as it is the most expeditious to resolve. Goldstein argues that it is entitled permissive intervention pursuant to Rule 24(b)(1)(B) because its claim "shares factual questions in common with this action and the receivership, including what monies are being administered by the Court, what funds may become payable to Pulley or Borrower-Defendants, and what limits should govern any distribution from receivership property, sale proceeds, reserves, escrows, rents, or related credits." *See* Mot. at 7. I disagree. It cannot be said that Goldstein's claim for potential funds to be paid out of the sale of properties, which would involve a determination of "whether an enforceable fee agreement existed, whether Goldstein rendered compensable services, and whether Pulley's entities breached their payment obligations," *see* Opp. at 17, shares common questions with the *main action* here, which is a case primarily about the propriety of mortgage foreclosure.

Turning to intervention as of right pursuant to Rule 24(a), I hold that Goldstein has not established a sufficient interest in the litigation. A proposed intervenor must show that "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *In re Cmty. Bank of N. Virginia*, 418 F.3d 277, 314 (3d Cir. 2005) (internal citation omitted). Here, the interest Goldsten is attempting to establish is a charging lien against any recovery funds provided to Defendants in this case. Under Pennsylvania law, to establish a charging lien, an attorney must show: "(1) that there is a fund in court or otherwise applicable for distribution on equitable principles, (2) that the services of the attorney operated substantially or primarily to secure the fund out of which he seeks to be paid, (3) that it was agreed that counsel look to the fund rather than the client for his compensation, (4) that the lien claimed is limited to costs, fees or other disbursements incurred in the litigation by which the fund was raised and (5) that there are equitable considerations which necessitate the recognition and application of the charging lien. *Recht v. Urb. Redevelopment Auth. of City of Clairton*, 168 A.2d 134, 138-39 (1961).

First, there is no fund yet—the properties have not yet been sold. But even assuming a fund is established after sale of the properties, Goldstein has not satisfied the second and third *Recht* factors. It has not shown that its services "operated substantially or primarily to secure" the fund that would be created out of sale of the properties. Indeed, Goldstein represented Defendants at the time Defendants opposed summary judgment, which is a position contrary to the creation of any fund through a sale of the properties. Goldstein has not sufficiently argued that its services provided to Defendants "operated substantially or primarily to secure the fund" out of which it seeks to be paid, nor has it even alleged that there was an agreement between Goldstein and the Defendants and/or Pulley that it would look to any such fund for payment.

For the above reasons, Goldstein's Motion to Intervene is denied.

**BY THE COURT:**

*/s/ Catherine Henry*

**HON. CATHERINE HENRY**
**United States District Court Judge**